THE STATE, EX REL. EDMON TAYLOR, v. THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE.

The mayor of Bayonne had the right, under the city charter, to suspend the relator as a policeman, and he was thereupon entitled to a trial by the council upon charges.   He never had such a trial and never asked for one during nearly two years since his suspension.   *Held,* that he is not entitled to be restored to the force by this court; that he is still a suspended policeman, entitled to a trial by the city council, unless he has lost that right by his laches.

On rule to show cause why a writ of *mandamus* should not issue reinstating Edmon Taylor on the police force of the city of Bayonne.

Argued at November Term, 1893, before Justices DIXON and ABBETT.

For the relator, *William W. Anderson.*

For the defendants, *James Benny.*

The opinion of the court was delivered by

ABBETT, J.   Edmon Taylor was a policeman of said city when, on August 22d, 1891, charges against him were preferred by the chief of police and filed with the mayor.   He was charged with being off post and intoxicated while on duty, on the night of August 18th and the morning of August 19th.   The specifications stated that he was off post, in Lennar's saloon, sitting down under the influence of liquor, Tuesday night, August 18th, and further, on Wednesday morning was found asleep and intoxicated, sitting on a beer keg, in Twenty-second street, and was so found by Roundsman McDonald.   In pursuance of notice served on him, Taylor, on August 25th, appeared before the mayor for trial on said charges.   His own examination, under oath, shows that he was off his post, in the saloon, Tuesday night, and was asleep on a beer keg next morning.   The mayor found him "guilty of being off post and asleep on a beer keg, as charged."   The mayor reported to the city council and recommended his dismissal, and reported that he had suspended Taylor from the police force, and recommended that he be dismissed and removed from the force by the council.   The communication was received and confirmed by the council September 1st, 1891, and since that time the mayor and council have absolutely refused to recognize Taylor as a member of the police force.   It is conceded that Taylor never had any trial or hearing before the city council and that no charges

were ever filed with the clerk of said city against said Taylor except as shown in the communication of the mayor to the council.

Taylor, since his removal, has not performed or offered to perform any police duty, and he has never demanded a trial before the council. He has acquiesced, without protest, in the action of the mayor and the council for nearly two years, and now asks for a *mandamus* to compel the city authorities of Bayonne to reinstate him on the force. The city charter gave to Taylor the right to a trial before the council, but he has never asked for such a trial and does not now. He is a suspended policeman; he was suspended by the mayor under section 10 of the revised city charter of March 22d, 1872. In defining the powers of the mayor, that section says: "He shall have power to suspend any policeman or watchman, and he shall report such suspension to the board of councilmen at its next meeting thereafter, with the reasons therefor, and such officer may then be restored or removed by said board." The mayor acted under this section and complied with its provisions. The council did not give him a trial and Taylor does not seem to have desired one. He ceased doing police duty thereafter without any protest against the action against him, and now, after waiting nearly two years, he seeks to be restored without trial, because the city council did not regularly try him on the charges which his own testimony, in great part at least, shows to be true. He was entitled, and still is entitled, to a trial before the council if he has not waived his right thereto by his laches and acquiescence in the action of the city officials for nearly two years. It is not necessary for us to decide this question at present. It is clear he is not entitled to be restored without trial and that he has never asked for a trial by the city council and has never been refused one. His legal position is that of a properly-suspended policeman, who has never asked for a trial and who has acquiesced in the action of the city authorities for nearly two years. If he is now entitled to any relief whatever,

·which we do not decide, it is the right to be tried for his self-admitted neglect and violation of duty.   He has no right to be reinstated under the facts of this case.

The application is denied, with costs.