### EDMON TAYLOR v. THE BOARD OF COUNCILMEN OF THE CITY OF BAYONNE.

1. The court will refuse a *mandamus* when there has been unreasonable delay in applying for it.

2. September 1st, 1891, relator was dismissed from the police force of the city of Bayonne without legal trial. *Held*, that a delay of over two years in applying for a *mandamus* to compel the board of councilmen to try him was unreasonable, there being no special circumstance to excuse or justify such delay.

Rule to show cause for *mandamus.*

Argued at June Term, 1894, before Justices MAGIE and GARRISON.

For the relator, *William W. Anderson.*

For the defendant, *James Benny.*

The opinion of the court was delivered by

GARRISON, J.   The relator applies for a *mandamus,* to be directed to "the board of councilmen of the city of Bayonne," commanding that municipal body to proceed to try him upon a certain charge affecting his conduct as a policeman, preferred against him August 22d, 1891.

The precise form of the charge then made was that the relator, a police officer, was off his post and intoxicated while on duty.   A copy of these charges was served upon the relator, and at a time fixed therein he appeared before the mayor of the city of Bayonne and entered the following unique plea : "Guilty of being off post and asleep on beer-keg, as charged."   A trial was proceeded with, and, upon the evidence then received, the mayor found the relator guilty of being off post and intoxicated while on duty.   He thereupon suspended him from the police force and recommended the board of councilmen that he be discharged from its service. This communication was received and confirmed by the board without, according to the relator, a trial before that body. This was on September 1st, 1891.   He now, more than three years later, asks for this writ to compel the board to put him on trial.   Inasmuch as it is conceded that the relator had a right to a trial by the board before his dismissal, the only question is whether, by his laches, he has not lost it.   Further facts in the history of the case are that the relator applied to this court at the November Term, 1893, two years after his discharge, for a writ of *mandamus* to compel the city to reinstate him as a member of the police force, which was denied. *Taylor* v. *Bayonne,* 27 *Vroom* 265.

Afterwards, to wit, on the 20th of March, 1894, the relator presented a petition to the board asking for a trial upon the said charges against him. A resolution was then passed by the board granting said petition, but, failing to receive the approval of the mayor, who under the city charter has a veto power, this resolution never became operative. The present application to this court was then made. Taking all of these circumstances into consideration, this, in my judgment, is a proper case for the enforcement of the rule that the court will refuse a *mandamus* where there has been unreasonable delay in applying for it. *Shortt Mand.* 250 ; *Clarke* v. *Jersey City*, 13 *Vroom* 94.

In determining what will constitute such unreasonable delay, regard should be had to circumstances which justify the delay, to the nature of the case and the relief demanded, and to the question whether the rights of the defendant or of other persons have been prejudiced by such delay. *People* v. *City Council of Syracuse*, 78 *N. Y.* 56 ; *High Mand.* 306.

Applying the rule thus stated, the present case will be found to be barren of any justification for delay, even assuming that this application had been made at the time the former writ was applied for in 1893, while, on the other hand, the nature of the action and the character of the relief sought are such that it could and should have been proceeded with promptly if at all. That the rights of the city must suffer, both in respect to the production of testimony and to the disarrangement of its public service from such a delay, is also self-evident. All of this is apart from the fact that relator confessedly merited his suspension by the mayor, and so pleaded, a circumstance that cannot, it is true, be used to excuse the board for not trying him, but can and does influence the court when asked, after a lapse of three years, to place him *in statu quo* with respect to his right to a trial before the board.

The writ will be denied.