EDWARD H. STREETER vs. CITY OF WORCESTER.

Worcester.     September 4, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Removal of Officer from Police Force — Laches — Mandamus.*

Whether the rights of a person removed from the police force of the city of Worcester are to be governed by St. 1888, c. 360, or St. 1893, c. 444, his substantive rights having been so far regarded that he was bound to act promptly if he wished to take advantage of informalities to set aside the order of removal, a petition for a writ of mandamus to compel the city to restore him to the position is rightly dismissed.

PETITION for a writ of mandamus. The case was reserved by *Lathrop*, J. for the determination of the full court upon the questions of law raised in the petition and return, the material and competent facts set up in the return, and certain agreed facts, the nature of which appears in the opinion. If the petitioner was not entitled to maintain his petition, it was to be dismissed with costs; otherwise it was to be sent to an assessor for the assessment of damages.

*C. T. Tatman,* for the petitioner.

*A. P. Rugg & E. I. Morgan,* for the respondent.

KNOWLTON, J. This is a petition for a writ of mandamus to compel the city of Worcester to restore the petitioner to the position of a police officer of that city, which position he had held by appointment under St. 1888, c. 360, entitled "An Act to fix the tenure of office of the members of the police force of the city of Worcester." Under this statute he was subject to removal by the mayor and aldermen for cause, upon hearing. On March 24, 1896, he was served with an order of removal for neglect of duty, signed by the mayor. The St. of 1893, c. 444, is "An Act to revise the charter of the city of Worcester," which was duly accepted by the city, and which went into effect on the first Monday of January, 1894. Section 26 of this act provides for the appointment of all officers of the city by the mayor, subject to confirmation by the board of aldermen, except where other specific provision is made, and also provides

for the removal by the mayor of all officers so appointed.  Section 41 provides for the establishment of a police department by the city council, and for the appointment by the mayor of the officers and members of the department so established.  Section 55 repeals all acts and parts of acts inconsistent with this act, with a proviso that, "Except as herein otherwise provided, all persons who, at the time when the repeal shall take effect, shall hold any office under the said acts, shall continue to hold the same according to the tenure thereof."  Under the authority conferred by § 41, the city council, by an ordinance approved on May 22, 1895, established a police department.

The question arises whether the petitioner was subject to removal by the mayor alone under the provisions of this act, or only by the mayor and aldermen under the provisions of St. 1888, c. 360.  If after the establishment of the police department under the new charter the mayor had appointed the petitioner to the police department in accordance with the provisions of the ordinance, it would have been clear that he would have been subject to removal by the mayor for cause, without action by the board of aldermen.  There is strong ground for the contention of the respondent that the above provision for the continuance in office of all persons holding office under former acts is inapplicable to police officers after the establishment of a police department by ordinance under St. 1893, c. 444, § 41, inasmuch as the establishment of such a department, the officers of which were subject to appointment and removal by the mayor alone, would come within the words "except as herein otherwise provided."  It well may be argued that the provision for the continuance of persons in office was intended merely to relieve from the effect of a repeal of former statutes, but not to continue in effect a statute in regard to the tenure of office of policemen, inconsistent with the statute applicable to the police department after it is organized under a special provision of the later statute.

But we do not find it necessary to decide this question.  If St. 1893, c. 444, was applicable to him, the petitioner was legally removed; if, on the other hand, he could only be removed by action of the aldermen as well as the mayor under the earlier statute, the requirements of this statute were substantially,

although not literally and formally, complied with. The particulars of the charges against the petitioner were made known to him, he was heard by the mayor as fully as he desired to be, and he was heard before a committee of the city council to whom the charges were referred by the aldermen for hearing, of which committee two of the aldermen were members. A report was made by this committee, on which the aldermen passed an order recommending his removal by the mayor, and in accordance with this recommendation the mayor made an order in writing removing him for cause. There was a hearing by the mayor, and a hearing by the aldermen through the committee representing them. There was action by the mayor in removing him, and there was action by the aldermen in their recommendation to the mayor that he be discharged. Although these proceedings were not regular and formal if St. 1888, c. 360, was in force, they so far regarded the substantive rights of the petitioner under that statute that he was bound to act promptly, if he wished to take advantage of the informalities to set aside the order of removal. The principles stated in *Phillips* v. *Boston*, 150 Mass. 491, are applicable to the case. Instead of asserting his legal rights before a competent tribunal, the petitioner, after the service of the order of removal, voluntarily surrendered his badge and other equipments as an officer, and for more than three years and a half took no action to retain his position as an officer or to obtain reinstatement by the city. During most of the time he was employed elsewhere, and he at no time offered himself for service to the police department of Worcester. His oral complaint to certain members of the board of aldermen and to the captain of police at the station to which he had been assigned that his removal was unlawful, and the request of various people at his instance made to the mayor and the chief of police that he be reinstated, were not enough to relieve him from the effect of his virtual acquiescence in an order which was well founded in substance, if irregular in formal preliminaries.

*Petition dismissed.*