CHARLES GLORI v. BOARD OF POLICE COMMISSIONERS
OF NEWARK.

Argued November 2, 1904—Decided February 27, 1905.

1. Where a police officer is dismissed by the regularly constituted
   authorities of the city, and claims the dismissal is unwarranted,
   he should move with the utmost promptness in order to secure
   the intervention of the court.
2. A failure for fifteen months to apply for a *certiorari* without
   sufficient excuse given is unreasonable and the writ should be
   dismissed.

On *certiorari.*

Before Justices DIXON and SWAYZE.

For the prosecutor, *Riker & Riker.*

For the defendants, *Malcolm MacLear.*

The opinion of the court was delivered by

SWAYZE, J. This is a *certiorari* to remove the conviction
of the prosecutor for neglect of duty and conduct subversive
of the good order and discipline of the police force of Newark.
The prosecutor was tried before the board of police commis-
sioners upon charges made by the chief of police, was found
guilty and dismissed from the force April 17th, 1903. The
writ was allowed July 20th, 1904. We have not found it
necessary to consider whether or not the conviction was jus-
tified by the case made before the police commissioners.

In our judgment, where a police officer is dismissed by the
regularly constituted authorities of the city and claims that
the dismissal is unwarranted, he should move with the utmost
promptness in order to secure the intervention of the court.
The proper discipline of the force and the proper administra-
tion of the affairs of the city requires that the right of the
dismissed policeman to be reinstated should be promptly
determined.

In this case the prosecutor waited for more than a year. The fact that their positions had not been filled can make no difference. They may not have been filled for the reason that the police commissioners thought it unnecessary to employ as many detective sergeants as before. In *Taylor* v. *Bayonne,* 28 *Vroom* 376, it was conceded that the prosecutor was entitled to a trial before the board of councilmen, but the court refused to grant a *mandamus* because of the delay of the prosecutor in applying therefor. No sufficient excuse is given in this case for the failure of the prosecutor for fifteen months to apply for this writ, and in our judgment it should be dismissed.