THOMAS A. CLAY, APPELLANT, v. THE CIVIL SERVICE COMMISSION AND J. ALEXANDER BROWNE, RESPONDENTS.

Argued March 20, 1916—Decided June 27, 1916.

1. An order of the Civil Service Commission, attempting to adjudicate the title to an office, is absolutely void, and in legal contemplation is as inoperative as if it had never been promulgated. Consequently, such an order is not a proper subject of review by writ of *certiorari*.

2. Where the Civil Service Commission wrongfully refuses to certify a payroll, the remedy for such wrongful refusal is not a writ of *certiorari* to test the soundness of the reasons upon which such refusal is based, but an application for *mandamus* to compel the board to perform the duty imposed upon it by statute.

On appeal from a judgment of the Supreme Court, whose opinion is reported in 88 *N. J. L.* 502.

For the appellant, *William I. Lewis.*

For the Civil Service Commission, *John W. Wescott*, attorney-general, and *Josiah Stryker.*

For J. Alexander Browne, *Ward & McGinnis.*

· The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an appeal from a judgment of the Supreme Court dismissing a writ of *certiorari* sued out by Dr. Clay for the purpose of reviewing a proceeding of the Civil Service Commission relating to the matter of his appointment as health officer of the board of health of the city of Paterson. This proceeding was instituted at the request of Dr. Browne, who contended that he was the *de jure* health officer of Paterson and that Dr. Clay had wrongfully usurped that position. It consisted of an investigation of the rights of these two physicians with relation to the position and of the following conclusion spread upon the minutes of the board: "The appointment of Dr. · Clay, which in effect was a dismissal of J. Alexander Browne, M.D., who had hitherto held the position, was illegal and contrary to the provisions of the civil service law. It is therefore ordered that Dr. Browne be reinstated to the position of health officer, from which he has been illegally ousted."

The judgment of the Supreme Court dismissing the writ was rested upon the conclusion that the appointment of Dr. Clay to the position of health officer was without warrant of law; that Dr. Browne was legally entitled to hold that position, and that consequently no legal injury was done to Dr. Clay by the order made by the Civil Service Commission of which he complains.

We are entirely satisfied that the writ of *certiorari* was properly dismissed by the Supreme Court; but we do not base our conclusion upon the grounds given by that court for

its action.   Dr. Clay insists that the action of the Civil Service
Commission was an adjudication of the title to the position
of health officer.   The respondents insist that it was a mere
expression of opinion with relation to the matter investigated
by the board, and did not have and was not intended to have
any mandatory force.

It is not necessary to determine which of these contentions
is sound, for whether the action complained of be merely the
expression of an opinion, or whether it be an attempted ad-
judication of the rights of the two gentlemen with relation
to the position of health officer of Paterson, it is not the
proper subject of review by *certiorari.*

If it be considered a mere expression of opinion, it is suf-
ficient for the disposition of the matter to reiterate what was
said by Mr. Justice Garrison, speaking for the Supreme Court,
in the case of *Newark* v. *Fordyce et al.,* viz.:   "A writ of
*certiorari* will not lie to revise or correct erroneous opinions,
however hurtful they may be to individuals concerning whom
they are expressed.   An order, judgment òr determination
affecting the rights of the prosecutors is necessary as a foun-
dation for the use of the writ."   88 *N. J. L.* 440.

If, on the other hand, it be considered a formal adjudication
by the board of the right of Dr. Browne to continue in the
position of health officer and the usurpation by Dr. Clay of
that position, such adjudication is absolutely without force.
It determines no right; it affords no protection.   It is in legal
contemplation as inoperative as though it had never been pro-
mulgated.   It is as much beyond the powers or functions of the
Civil Service Commission to adjudicate with relation to the
right of either Dr. Browne or Dr. Clay to hold this position
as a similar adjudication by a justice of the peace or the
overseer of the poor of the city of Paterson, would be outside
of the official powers of either one of these officers.   To justify
the allowance of a writ of *certiorari,* it must appear that the
matter sought to be reviewed has at least some semblance of
vitality, that as long as it stands it affects some right or
interest of the party applying for the writ.

It is argued on behalf of Dr. Clay that he is injuriously affected by the order of the Civil Service Commission, because, on the basis of the conclusion reached by it and expressed therein, the board has refused to certify a payroll containing provision for the payment to him of the compensation to which he is entitled as the health officer of the city of Paterson, either *de jure* or *de facto*. But his remedy for the wrongful refusal of the Civil Service Commission to certify the payroll (if such refusal be wrongful) is not the suing out of a *certiorari* to test the soundness of the grounds upon which that refusal was rested, but an application for a *mandamus* to compel the performance by the board of a legal duty which the statute of its creation has imposed upon it. *Comp. Stat.,* p. 3805, § 82.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 12.

*For reversal*—None.