CARY D. LANDIS, Attorney General of the State of Florida ex rel. H. LESLIE QUIGG, *Plaintiff in Error*, vs. GUY C. REEVE, *Defendant in Error*.

142 So. 654.

Division B.

Opinion filed June 18, 1932.

Petition for rehearing denied July 8, 1932.

*Price, Price & Hancock* and *Ross Williams*, for Plaintiff in Error;

*J. W. Watson, Jr.*, and *E. F. P. Brigham*, for Defendant in Error.

TERRELL, J.—In March, 1928, relator H. Leslie Quigg, was suspended as chief of police of the City of Miami, and respondent, Guy C. Reeve was appointed to succeed

him. Quigg's suspension was presumably made as authorized by section Twenty-six of the City Charter, though it was predicated on the fact that he (Quigg) had recently been indicted for murder in the first degree. The order of suspension was later amended so as to embrace the additional grounds of neglect of duty and for the good of the service. Both orders with the causes thereof were regularly certified to the city commission which after investigation and hearing consented to and approved the suspension. The action of the city manager and the city commission was not resisted nor questioned for more than three years but in August 1931, Quigg, as relator, instituted this proceeding in quo warranto to test the right of the respondent to hold and exercise the duties of the office of chief of police of the City of Miami.

Except as to whether or not a delay of more than three years in resisting or attempting to question the validity of his suspension and removal, constituted an abandonment of any right or title he may have had to the office of chief of police of the City of Miami, the questions presented in this case are similar to those raised in Hardy Bryan vs. Cary D. Landis ex rel. Guy C. Reeves, decided this date and are fully answered in that case.

Plaintiff in error contends that laches as to a proceeding in quo warranto will not run against the State. This rule seems well supported. McPhail vs. People ex rel. Lambert, 160 Ill. 77, 42 N. E. 382; State vs. Pawtuxet Turnpike Co., 8 R. I. 521, 94 Am. Dec. 123; 21 Corpus Juris, 1189-9, 10 R. C. L. Sections 21 and 143. But even if there were no exceptions to it which we do not here decide, it does not necessarily follow that an office or the right thereto may not be abandoned by the claimant.

Under the city charter of the City of Miami (Sections Sixteen and Twenty-four) the chief of police is appointed by the city manager. Subject to the supervision of the

director of public safety he has immediate direction and control of the police force. All orders, rules and regulations for the government of the police force and the city are promulgated by the director of public safety through the chief of police. He is required to give his entire time to the performance of his duties and is prohibited from leaving the city for any purpose except on official business unless granted a written leave of absence by the city manager. He is required to keep his office open at all hours of the day and night and he or one of his subordinates is required to be in constant attendance. In case of disability by reason of sickness, absence from the city, or some other cause the director of public safety shall designate one of his captains or lieutenants to act as chief of police during such disability without additional compensation. He may arrest without warrant any person violating, in his presence, any ordinance of the city and before entering on the discharge of his duties he is required to take an oath that he will faithfully perform the duties of his office.

Such grave and important duties involving the safety and welfare of a great municipality should not have been taken lightly, though the record discloses that plaintiff in error waited more than three years after he was removed before he raised his hand or opened his mouth in protest against it. Under this state of facts, we think he has abandoned any right he may have had to the office and that he cannot now be heard in a court of justice, to assail his removal.

Even when one is illegally removed from an office he must act with reasonable diligence to have himself reinstated. He cannot acquiesce for more than three years during which another has been appointed to fill the vacancy caused by his removal, has performed the duties and drawn the compensation and then not be said to have

waived or abandoned any right he may have had thereto. Cote v. City of Biddeford, 96 Me. 491, 52 Atl. 1019, 90 A. S. R. 417; People ex rel. Young vs. Collis, 39 N. Y. Suppl. 698; 6 App. Div. 467; People ex rel. Croft vs. Keating, 63 N. Y. Suppl., 49 App. Div. 123; Streeter vs. City of Worchester, 177 Mass. 29, 58 N. E. 277; Kenneally vs. City of Chicago, 220 Ill. 485, 77 N. E. 155; Eastman vs. Householder, 45 Kan. 63, 37 Pac. 989; Donovan vs. Board of Police Com'rs of City and County of San Francisco, 32 Cal. App. 392, 163 Pac. 69; Glori vs. Board of Police Com'rs of Newark, 72 N. J. L. 131, 60 Atl. 47; Brynes vs. City of St. Paul, 78 Minn. 205, 80 N. W. 959; People ex rel. McLaughlin vs. Board of Police Com'rs of City of Yonkers, 174 N. Y. 450, 67 N. E. 78; City of San Antonio vs. Steingruber, — Tex. —, 177 S. W. 1023; Taylor vs. City of Bayonne, 56 N. J. L. 265, 28 Atl. 380; Selby vs. Portland, 14 Ore. 243, 12 Pac. 377.

The judgment below is accordingly affirmed.

Affirmed.

WHITFIELD, P.J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.