BERNARD NEILLEY, PROSECUTOR, v. CITY OF PASSAIC ET AL., DEFENDANTS.

FRANK ELMO, PROSECUTOR, v. CITY OF PASSAIC ET AL., DEFENDANTS.

Submitted January 25, 1935—Decided April 4, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the prosecutors, *Edward A. Levy*.

For the defendants, *Thomas E. Duffy*.

PER CURIAM.

These two parallel writs of *certiorari* each bring up a resolution of the board of commissioners of Passaic, dated June 9th, 1931, and an ordinance of the same board, introduced June 9th, 1931, and finally passed two weeks later. The writs were allowed on December 5th, 1933. No explanation of the delay of two and one-half years in applying for the writs, and over a year in bringing them on for argument, is offered or is otherwise apparent.

The prosecutors had been acting as "assistant superintendents of weights and measures" for the city of Passaic, since

1925. The resolution attacked purports to abolish the offices (three in number) in the interest of economy. The ordinance is of like purport. Both prosecutors claim to be protected by a tenure of office statute: one, in addition, as a veteran. They further claim that the offices were created by the Weights and Measures act of 1911 (*Pamph. L., pp.* 414, 416; *Cum. Supp. Comp. Stat.* 1924—at *p.* 3843), and therefore could not be abolished by any municipal action. The principal answer made is that prosecutors were never appointed as prescribed in that act, and never, in consequence, held any office thereunder.

We think the writs should be dismissed because of the long delay. Such was the result in *Glori* v. *Board of Police Commissioners,* 72 *N. J. L.* 131; 60 *Atl. Rep.* 47, in *certiorari,* and in *Taylor* v. *Board of Councilmen of City of Bayonne,* 57 *N. J. L.* 376; 30 *Atl. Rep.* 431, in *mandamus.*

Apart from this, we think the prosecutors have no standing under the act of 1911. The scheme of that act is as follows (pages 416 *et seq.*) :

(Sec. 10). 1. State superintendent, appointed by governor.

2. County superintendents, appointed by the governing body of the county.

3. Municipal superintendents (when authorized by ordinance), compulsory in cities over sixty thousand, permissory in others. To be designated by the municipal body.

4. Assistant state superintendents (section 11) appointed by state superintendent.

5. Assistant county superintendents, appointed by county superintendent upon resolution of county governing body.

6. Assistant municipal superintendents, appointed by municipal superintendents on resolution of the municipal body. The two prosecutors seem to be in this class, but were never appointed by any municipal superintendent, nor does any resolution appear requesting such superintendent to make any appointment. What did happen was that on May 19th, 1925, the director of revenue and finance notified the board of the appointment *by him* of the two prosecutors, and one other, as assistant superintendents of weights and measures, and a secretary to the superintendent "pursuant to chapter

201, laws of 1911, with all amendments thereof and supplements thereto." There seems to have been a similar appointment by the director of public affairs, in June, 1927, concurred in by the board. No statutory authority for any such appointment is invoked by the prosecutors, and defendants say there is none. In 1920 there were two amendments, chapters 209 and 210, pages 404, 406. By chapter 209, section 10 was amended by striking out the latter part, not here material, and adding a tenure of office clause covering "all persons appointed as in this act provided." Chapter 210 amends a tenure of office supplement of 1912 (*Pamph. L., p.* 168), by adding to those protected by the tenure of office clause "the secretaries and assistant superintendents appointed by the *respective governing bodies* or by the respective county or municipal superintendents," &c., "shall hold their office during good behavior * * *."

This presupposes the holding of an office. The prosecutors held no office. They could not be appointed by the municipality under the statute, but only by the municipal superintendent when thereto requested by resolution. The municipality had no authority to set up any such office to be filled by it. At best prosecutors held an employment or perhaps a position under control of the municipality. That body by resolution and ordinance undertook to abolish these so-called offices, ostensibly for economy. We think that it had full power so to do; indeed, if they were illegal, that was its duty. The prosecutors, as usual, attack the good faith of this action, but we see no evidence of bad faith, particularly as for over three years no others have been employed in the stead of the prosecutors.

The writs will be dismissed.