JOHN CLAYTON ET AL., PROSECUTORS, v. NEW JERSEY CIVIL SERVICE COMMISSION, RESPONDENT.

Argued January 20, 1938—Decided June 6, 1938.

Before Justices TRENCHARD and PARKER.

For the prosecutors, *Henry Marelli.*

For the respondent, *Harry L. Schoen.*

PER CURIAM.

This is an order to show cause dated August 9th, 1937, why a writ of *certiorari* should not issue to review the action of the New Jersey Civil Service Commission on June 25th, 1935, in refusing to take jurisdiction and rule on a petition of the prosecutors relative to their employment and salary as jail keepers in the Passaic county jail; and apparently the prosecutors further seek to review the action of the commission taken on May 12th, 1936, declining to consider a further petition of appeal relative to their employment and salary as jail keepers in the Passaic county jail.

We think that the application should be denied because of laches. The stipulated facts disclose that the action complained of by the prosecutors, as jail keepers in the Passaic county jail, occurred at the beginning of 1933 and continued at least through the period of 1934 and 1935. It was not until June 13th, 1935, that a petition of appeal was made to the Civil Service Commission by the prosecutors contesting the action of the board of chosen freeholders of the county of Passaic in placing such jail keepers on what is commonly known as a "stagger system" of employment, and causing a reduction in their salary, because of the economic crisis that existed throughout the county. The Civil Service Commission decided on June 25th, 1935, that it was without jurisdiction in the matter. The prosecutors also instituted a civil suit in the Circuit Court of Passaic county on February 27th, 1935, covering the matter alleged in their petition of appeal to the Civil Service Commission, which action was nonsuited on February 17th, 1936. The prosecutors again appealed to the Civil Service Commission in February, 1936, and on May 12th, 1936, the Civil Service Commission denied it.

It thus appears that the prosecutors waited upwards of two years before moving to the Civil Service Commission and it further appears that the prosecutors have waited more than four years before applying for *certiorari*.

Now the courts of our state have repeatedly held that an unreasonable delay in such an application will bar the issu-

ance thereof. Thus in the case of *Glori* v. *Board of Police Commissioners,* 72 *N. J. L.* 131, the failure for a period of fifteen months to apply for a writ of *certiorari* was held unreasonable and the writ was dismissed. Again a delay of two and a half years was held fatal by our Court of Errors and Appeals in the case of *Barhile* v. *Board of Education,* 86 *N. J. L.* 674. So in the present case the writ will be refused on the ground of laches alone, but we also think the disturbance of the financial and administrative operations of the county naturally resulting from judicial intervention at this late date alike requires that the writ should not issue.

In so deciding we do not concede that the proper remedy of the prosecutors, if any be had, was by *certiorari.* In that connection we say no more than to point out that Chief Justice Gummere, speaking for our Court of Errors and Appeals in *Clay* v. *New Jersey Civil Service Commission* (1916), 89 *N. J. L.* 194; 98 *Atl. Rep.* 312, said: "A writ of *certiorari* will not lie to revise or correct erroneous opinions, however hurtful they may be to individuals concerning whom they are expressed. An order, judgment or determination affecting the rights of the prosecutors is necessary as a foundation for the use of the writ. * * * His remedy for the wrongful refusal of the Civil Service Commission to certify the payroll (if such refusal be wrongful) is not the suing out of a *certiorari* to test the soundness of the grounds upon which the refusal was rested, but an application for *mandamus* to compel the performance by the board of a legal duty which the statute of its creation has imposed upon it."

The application will be denied and the rule to show cause discharged, but without costs.