MARTIN P. DEVLIN, Jr., PLAINTIFF-APPELLEE, v. CITY OF TRENTON, A MUNICIPAL CORPORATION, DEFEND-ANT-APPELLANT.

Argued February 6, 1941—Decided May 1, 1941.

For the plaintiff-appellee, *Frank I. Casey*.

For the defendant-appellant, *Louis Josephson*.

The opinion of the court was delivered by

HAGUE, J. This is the defendant's appeal from a judgment of the Mercer County Circuit Court entered after the answer filed by the defendant, City of Trenton, was stricken out. The court considered the answer as frivolous and that it "failed to show such facts to entitle it to defend."

The plaintiff, a justice of the Police Court of the City of Trenton, sued the defendant municipality for salary due him as police judge of that city for a period commencing June 8th, 1939, and ending February 5th, 1940. For that period of time—eight months—the plaintiff contended he was "illegally dismissed and excluded from performing the duties of that office," having been supplanted therein by Albert Cooper, Jr., who was appointed to the office by the mayor of the municipality. Judge Devlin had been duly appointed to

the Police Court office while the City of Trenton was under the manager form of government. On referendum the people of Trenton adopted the commission form of government and the mayor, considering that Devlin's term of office, though it had not yet expired, was nevertheless ended by the change in the form of government, appointed Mr. Cooper to the office held by Devlin. The plaintiff, by *quo warranto,* obtained judgment of ouster against the said Cooper (*Devlin* v. *Cooper,* 124 *N. J. L.* 155; *affirmed,* 125 *Id.* 414). This was alleged in the complaint and admitted in the answer. In the meantime Cooper was paid the salary attaching to the office in question. It was decided in these cases (*Devlin* v. *Cooper, supra*) that Judge Devlin was in the unclassified service of a city operating under Civil Service and that his right to that office for his term was secure against termination even though the form of government changed over as it did here from the "commission" to the "manager" form of government.

The right of the plaintiff to recover his salary for the time between his dismissal and his reinstatement we consider settled by the statute, which provides as follows: "Whenever a municipal officer or employe * * * has been or shall be illegally dismissed from his office or employment, and such dismissal has been or shall be judicially declared illegal, he shall be entitled to recover the salary of his office or employment for the period covered by the illegal dismissal." *R. S.* 40:46-34. That statute is controlling on the law; the facts surrounding Judge Devlin's dismissal are not in dispute. He was a municipal employe; he was dismissed, and the Supreme Court, in the case referred to, judicially declared the dismissal illegal, which judgment was affirmed by this court. The appellant says that that statute "is not applicable to the case at bar" and relies on *Hart* v. *Hawthorne,* 120 *N. J. L.* 27. In that case, where the plaintiff was denied the right to recover salary for the period during which she was kept out of office, it does not appear that she was dismissed, and it was held that the language of the statute quoted above "should not be extended by construction beyond the limitation stated in it," *i. e.,* the statute goes no further than to protect the right to salary of those who had been illegally *dismissed* where

such dismissal had been "judicially declared illegal." The plaintiff in the Hart case had not been dismissed. We think the case of *Ratajczak* v. *Board of Education,* 118 *Id.* 311; *affirmed,* 119 *Id.* 433, is directly in point and controlling.

The appellant further relies on the statute—*R. S.* 40 :11-7—to defeat the plaintiff's claim. This statute has to do with the right of *de facto* officers and employes who have performed the duties of office to recover the emoluments thereof. There is no real inconsistency between the two statutes. The argument seems to be that a *de jure* officer is not entitled to be paid for service that has been performed by a *de facto* officer when the latter has been paid by the municipality. This was the general rule at common law. *McDonald* v. *Newark,* 58 *N. J. L.* 12. But the statute first mentioned (40 :46-34) alters the common law rule in those cases to which it is applicable, and we are of the opinion that it is plainly applicable to the plaintiff's claim in this case.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.

*For reversal*—None.