JOHN GRAHAM AND DAVID JONES, PLAINTIFFS-RE-SPONDENTS, v. CITY OF ASBURY PARK, A MUNIC-IPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued February 20, 1962—Decided April 2, 1962.

*Mr. Roger H. McGlynn* argued the cause for the plaintiffs-respondents (*Mr. Charles Frankel,* attorney; *Mr. John Russo,* on the brief).

*Mr. Robert V. Carton* argued the cause for the defendant-appellant (*Mr. Ascenzio R. Albarelli,* City Attorney for the City of Asbury Park, attorney for and of counsel with defendant-appellant).

The opinion of the court was delivered

PER CURIAM. We affirm for the reasons expressed by Judge Freund in *Graham v. Asbury Park,* 69 *N. J. Super.* 256 (*App. Div.* 1961). Since the parties before us have not raised the issue of mitigation (compare *D'Elia v. Jersey*

*City,* 57 *N. J. Super.* 466 (*App. Div.* 1959) with *Miele v. McGuire,* 31 *N. J.* 339 (1960)) we find no present occasion for dealing with it. See *Lowenstein v. Newark Bd. of Education,* 35 *N. J.* 94, 124 (1961); *McGrath v. Jersey City,* 70 *N. J. Super.* 143, 147 (*Law Div.* 1961). We do, however, repeat the suggestion made in *De Marco v. Bd. of Chosen Freeholders of Bergen County,* 21 *N. J.* 136, 147 (1956), and more recently in *Miele v. McGuire, supra,* 31 *N. J.,* at 351, that the Legislature give consideration to the adoption of a specific enactment dealing comprehensively with the subject and measure of the allowance of back pay to municipal, county and state officers and employees who are suspended pending trial or hearing on indictment or charges and are later acquitted or otherwise vindicated. *Cf. Cal. Gov. Code,* § 19584; *N. Y. Civil Service Law, McKinney's Consol. Laws, c.* 7, §§ 77, 75(3); *Mullane v. McKenzie,* 269 *N. Y.* 369, 199 *N. E.* 624, 103 *A. L. R.* 758 (1936), reargument denied 270 *N. Y.* 563, 200 *N. E.* 319 (1936).

*For affirmance*—Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—6.

*For reversal*—None.