96 N.J. Super. 273 (1967)
232 A.2d 856
FRANK MANOBIANCO, JR., PLAINTIFF,
v.
CITY OF HOBOKEN, NEW JERSEY, A MUNICIPAL CORPORATION ORGANIZED UNDER THE LAWS OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 7, 1967.
*275 Mr. James E. Flynn for plaintiff (Messrs. Calligy & Flynn, attorneys).
Mr. William Gottlieb for defendant (Mr. E. Norman Wilson, attorney).
LYNCH, J.S.C.
Plaintiff and defendant file cross-motions for summary judgment.
Plaintiff, a former member of the police department of the defendant municipality,[1] seeks a judicial determination that a suspension imposed upon him from February 10 to June 28, 1964 while he was under investigation on a charge alleging that he threatened to take the life of another, in violation of N.J.S.A. 2A:113-8, be declared illegal, and that, pursuant to N.J.S.A. 40:46-34, he recover judgment for the salary which he lost during the period of the suspension. N.J.S.A. 40:46-34 reads as follows:
"Whenever a municipal officer or employee, including any policeman or fireman, has been or shall be illegally dismissed or suspended from his office or employment, and such dismissal or suspension has been or shall be judicially declared illegal, he shall be entitled to recover the salary of his office or employment for the period covered by the illegal dismissal or suspension."
It is noted that, before recovery for back salary can be had, there must be a "judicial determination" of the illegality of the suspension. Cf. Devlin v. Trenton, 126 N.J.L. 563 (1941); Strohmeyer v. Little Ferry, 6 N.J. Super. 282 (App. Div. 1950); Rozmierski v. Newark, 42 N.J. Super. 14 (Law Div. 1956); Hintenberger v. Garfield, 52 N.J. Super. 526 (App. Div. 1958); Graham v. Asbury Park, 69 N.J. Super. 256 (App. Div. 1961), affirmed 37 N.J. 166 (1962); Rosetty v. Hamilton Tp. Comm., 82 N.J. Super. 340 (Law Div. 1964), affirmed 96 N.J. Super. 66 (App. Div. 1967).
*276 Plaintiff prays for the following relief: "A) Judgment that his suspension be declared illegal; B) Judgment against the defendant for $2,010.42 for back salary; * * *."
Defendant pleads several defenses, but we need only reach those relating to timeliness of this suit (a) within R.R. 4:88-15 and (b) laches. The facts are undisputed. The relevant chronology follows:
February 10, 1964  Complaint made in the Hoboken Municipal Court by Police Captain Fallon, whereby plaintiff herein was charged with violation of N.J.S.A. 2A:113-8 (threatening to take the life of another with a gun).
May 1, 1964  Plaintiff waived preliminary examination and was held for the action of the Hudson County grand jury.
June 28, 1964  Plaintiff reinstated to the police department because of a shortage of men therein.
December 16, 1964  Hudson County grand jury "no billed" the aforesaid charge.
August 1, 1965  Plaintiff arrested at Point Pleasant[*] Beach, New Jersey, on three criminal charges, viz., intent to rape, assault with a gun, and possession of a gun; and two disorderly persons charges, viz., intoxication and molesting and interfering.
August 2, 1965  Plaintiff again suspended as a member[*] of the Hoboken Police Department pending investigation of the latter charges.
August 16, 1965  Plaintiff pleaded guilty to the two[*] disorderly persons charges and fined $50 and $10 costs on each.
*277 September 17, 1965  Plaintiff indicted by the Ocean[*] County grand jury on four counts, namely, intent to rape, assault with a gun, lewdness, and entry with intent to commit battery.
October 7, 1966  Plaintiff resigned from Hoboken Police Department for "personal reasons."
December 22, 1966  Plaintiff pleaded guilty to the[*] charge of entry with intent to commit battery in the Ocean County Court and was sentenced from one to two years in State Prison, which sentence was suspended and he was put on probation for a period of three years with recommendation of psychiatric treatment.
December 30, 1966  Plaintiff's attorney herein wrote Director Wilson of the Department of Law and Public Safety that the accusations which caused plaintiff's suspension from February 10 to June 28, 1964 were "no billed" by the Hudson County grand jury. The attorney requested arrangements to reimburse plaintiff for the period of suspension.
March 8, 1967  Plaintiff's attorney wrote to Director Wilson on behalf of plaintiff demanding that a departmental hearing be held within a reasonable time from that date.
March 15, 1967  Director Wilson, through Assistant City Attorney Gottlieb, advised that since plaintiff had resigned from the police department, he was not entitled to a hearing.
April 7, 1967  This suit instituted.
As to the question of timeliness within R.R. 4:88-15, or laches, it must, of course, be determined when plaintiff's cause of action, if any, accrued. Schack v. Trimble, 28 N.J. 40, 49 (1958). A cause of action accrues when facts exist which entitle one party to maintain an action against another. Band's Refuse Removal, Inc. v. Fair Lawn, 62 N.J. Super. 522 (App. Div. 1960); Marini v. Wanaque, 37 N.J. Super. 32 (App. Div. 1955).
In his brief plaintiff argues that "the time limit did not begin to run until the City denied plaintiff's demand for a departmental trial on March 15, 1967." The court perceives, *278 in plaintiff's approach, a misconstruction of the essence of the nature of this in lieu proceeding, by limiting his concept thereof solely to what he would construe as a mandamus aspect of the action. Plaintiff's argument is unsound for several reasons: (1) it assumes that the action is solely one of mandamus nature, whereas what is first involved is an action in lieu of prerogative writs equivalent to the old writ of certiorari, i.e., to review the action of the defendant in illegally suspending plaintiff on February 10, 1964; (2) it falsely assumes that plaintiff's cause of action did not arise until the departmental hearing was demanded and denied, and that, indeed, it was necessary to have a departmental hearing in order for plaintiff to succeed in this suit for back salary under N.J.S.A. 40:46-34, and (3) it likewise assumes that plaintiff would be entitled to a departmental hearing after he ceased to be a member of the department.
Plaintiff relies upon N.J.S.A. 40:47-6 and 8 as the basis for his claim that he was entitled to a departmental hearing, even though he was no longer a member of the department when he demanded it, having resigned over two months before. Those sections can be reasonably construed as meaning that only a "member" of the department is entitled to a hearing, and that one who has resigned as a member is no longer entitled to it. Thus, N.J.S.A. 40:47-8 provides that in the event a trial is not commenced within 30 days after charges, the remedy afforded to the suspended employee is that "the charges shall be dismissed and the officer or employee returned to duty." (Emphasis added) That section cannot reasonably be construed as affording the remedy of restoration to duty of one who has resigned, for one who has resigned has relinquished his rights to duty. Therefore, the demand for a departmental hearing made by plaintiff's attorney on March 8, 1967 can only be characterized as a futile gesture, serving only as a diversion, fortuitously used by him as a springboard for an argument to avoid the defenses of timeliness under R.R. *279 4:88-15, and laches. Having been thus "sprung," whether the argument lands on solid ground is another matter.
Plaintiff argues that the fact he is no longer a member of the police department "does not render the demand for departmental hearing moot," citing Rosetty v. Hamilton, supra, at p. 352. In Rosetty plaintiff sued to recover back salary for the period of suspension from his office of building inspector. Suit was instituted after the expiration of the fixed term for which he had been appointed. N.J.S.A. 40:47-6 and 8 were not involved. The court said:
"While it might be urged that the departmental hearing is now moot in view of the fact that the plaintiff's term of office has expired, such a hearing is not moot with respect to the claim of plaintiff for back salary for the period in which such departmental charges were pending. Accordingly, plaintiff is entitled to recover all salary due, but not paid to him, with interest, from July 5, 1961, to July 31, 1962. That part of the plaintiff's motion relating to salary due him for the period from August 1, 1962 to December 31, 1962 is denied, since it does not admit of a summary judgment at this time.
If the contemplated hearing is to be held, it should be held forthwith, and the determination of the merits of the plaintiff's application for that portion of the salary claimed to be due and owing him must necessarily await that event." (at p. 352)
Whether a departmental hearing for one no longer an employee is or is not moot, such a hearing is not a sine qua non for sustaining a suit for back salary under N.J.S.A. 40:46-34. Thus, in Graham v. Asbury Park, supra, plaintiff recovered back salary though no departmental hearing was given him. It was held that acquittal on the indictment, during the pendency of which he was suspended, was sufficient "judicial determination," under the statute, of the illegality of the suspension. So with respect to the time of accrual of plaintiff's right herein, it is clear from Graham that plaintiff need not have awaited departmental trial before bringing an action in lieu of prerogative writs to review the illegality of his suspension and thus obtain a requisite "judicial determination" thereof. The Rosetty case itself, cited by plaintiff, is authority for the proposition that *280 where an employee is suspended pending investigation and charges by a grand jury, and a "no bill" is returned, he may recover back salary for the period of his suspension on those charges, even though no departmental hearing was given him. In that case the court ordered payment of back salary for the period from July 5, 1961 to July 31, 1962. He had been suspended on the former date and remained so until the latter, but no departmental hearing was had. On July 30, 1962 the township committee ordered preparation of new charges, which were served on August 1, 1962 and the hearing set for August 14, 1962. This was before plaintiff's term had expired, but because of some delay the hearing was not held until thereafter.
If we were to assume that this action in lieu of prerogative writs is to be considered from a mandamus aspect  i.e., to compel defendant to pay back salary under N.J.S.A. 40:46-34, or even to construe it as a demand for a departmental hearing grounded on plaintiff's late demand therefor, and refusal by defendant  nevertheless, plaintiff had the duty to proceed in mandamus with "utmost promptness." In Taylor v. Board of Councilmen of City of Bayonne, 57 N.J.L. 376 (Sup. Ct. 1894), plaintiff sought a writ of mandamus to compel the municipal body to proceed to try him upon a certain charge affecting his conduct as a policeman preferred against him on August 2, 1891. He had been suspended by the mayor, who recommended to the board of councilmen that he be discharged. The board confirmed the recommendation without a hearing on September 1, 1891. He instituted a mandamus proceeding more than three years later to compel the board to put him on trial. It was conceded that he had a right to be tried by the board. The court said, speaking through Justice Garrison:
"All of this is apart from the fact that relator confessedly merited his suspension by the mayor, and so pleaded, a circumstance that cannot, it is true, be used to excuse the board for not trying him, but can and does influence the court when asked, after a lapse of three *281 years, to place him in statu quo with respect to his right to a trial before the board.
The writ will be denied." (at p. 378)
In Marjon v. Altman, 120 N.J.L. 16 (Sup. Ct. 1938), plaintiff sought a writ of mandamus demanding his reinstatement as a docket indictment clerk and payment of salary for the intervening period. His dismissal took place on August 31, 1935, and the petition for mandamus was filed July 22, 1937. The court said:
"Relator is, it seems to us, indisputably guilty of laches. He instituted no proceeding for the enforcement of his asserted right until the filing of the petition herein on July 22d, 1937. While laches, in its legal signification, ordinarily connotes delay that works detriment to another, the public interest requires that the protection accorded by statutes of this class be invoked with reasonable promptitude. Inexcusable delay operates as an estoppel against the assertion of the right. It justifies the conclusion of acquiescence in the challenged action. This court has consistently frowned upon delays less glaring. Taylor v. [Board of Councilmen of City of] Bayonne, 57 N.J.L. 376; Glori v. Board of Police Commissioners, 72 Id. 131; Drill v. Bowden, 4 N.J. Mis. R. 326; Oliver v. New Jersey State Highway Commission, 9 Id. 186; McMichael v. [City of] South Amboy, 14 Id. 183." (at p. 18 emphasis added)
In Glori v. Board of Police Commissioners, Newark, 72 N.J.L. 131 (Sup. Ct. 1905), plaintiff had been dismissed from the police force on April 17, 1903. He applied for a writ of certiorari on July 20, 1904. Dismissing the case the court said:
"In our judgment, where a police officer is dismissed by the regularly constituted authorities of the city and claims that the dismissal is unwarranted, he should move with the utmost promptness in order to secure the intervention of the court. The proper discipline of the force and the proper administration of the affairs of the city requires that the right of the dismissed policeman to be reinstated should be promptly determined." (at p. 131; emphasis added)
Clayton v. N.J. Civil Service Commission, 120 N.J.L. 319 (Sup. Ct. 1938), arose on an order to show cause why a writ of certiorari should not issue to review the action *282 of the Civil Service Commission in refusing to take jurisdiction and rule on a petition of the prosecutors relative to their employment and salary as jail keepers. The court, in denying the application because of laches, said:
"It thus appears that the prosecutors waited upwards of two years before moving to the Civil Service Commission and it further appears that the prosecutors have waited more than four years before applying for certiorari.
Now the courts of our state have repeatedly held that an unreasonable delay in such an application will bar the issuance thereof. * * *" (at pp. 320-321)
See also Neilley v. City of Passaic, 13 N.J. Misc. 283 (Sup. Ct. 1935), where the court summarily dismissed the writ because of the "long delay."
When, then, did plaintiff's right to obtain a "judicial determination" of the illegality of the suspension accrue here? In Rosetty it was said:
"It seems clear that the moment the criminal charges were disposed of  such charges being the only announced basis for the suspension  by the disinclination of the Grand Jury to indict the plaintiff, and by the consequential dismissal of the complaint, the defendant was duty-bound immediately to advise the plaintiff that his period of suspension was terminated and that he was reinstated, or, if departmental charges were pending, or were contemplated, to promptly apprise plaintiff of these charges and to advise him that his suspension was continued by reason thereof. Moreover, if departmental charges were to be made, it was incumbent upon the defendant to move expeditiously for a hearing and the ultimate disposition of such charges.
By defendant's failure to either reinstate the plaintiff[[2]] or advise him of contemplated departmental charges, the original suspension of the plaintiff, having no foundation upon which to rest, became ineffective and thereby illegal, within the fair intendment of the Legislature, as reflected by the language of N.J.S.A. 40:46-34." (82 N.J. Super., at p. 347)
It is therefore apparent that in Rosetty it was held that "the moment the criminal charges were disposed of * * * *283 by the disinclination of the Grand Jury to indict" and defendant failed to file formal charges with respect to the period from July 5, 1961 to August 1, 1962, the foundation for the suspension became ineffective and "illegal." Thereupon, plaintiff's right to review the suspension to obtain a "judicial determination" thereof, with consequent right to recover back salary, accrued. That "moment" of "illegality" accrued in this case on December 16, 1964, when the grand jury returned a "no bill" and no formal charges were filed or hearing set. This suit was started on April 7, 1967, over two years and three months after his right to review and seek a "judicial determination" had accrued. Plaintiff took no action whatever until December 30, 1966 when, two months and three weeks after he had resigned from the department, his attorney advised defendant of the "no bill" and demanded payment of the back salary for the period of his suspension. As noted above, it was thereafter, on March 8, 1967, that plaintiff, through his attorney, demanded a departmental hearing which was denied on March 15, 1967.
Plaintiff cites Yanuzzi v. Mayor, etc., of Spring Lake, 22 N.J. 567 (1956), and Lettieri v. State Board of Medical Examiners, 24 N.J. Super. 199 (1957), as authority for the proposition that where there is a "continuing" duty on defendant's part, a plaintiff is not out of time or in laches because of a delay in seeking a writ in the nature of mandamus, and (says plaintiff) assuming there is a "continuing" duty on defendant here, he is not barred because out of time or in laches. The mandamus aspect of plaintiff's action here is to compel defendant to pay back salary in the amount of $2,010.42 (prayer B in the complaint). It cannot be said that defendant's duty under N.J.S.A. 40:46-34 is "continuing." Plaintiff is not entitled to recover for back salary until there is a "judicial determination" that his suspension was illegal. N.J.S.A. 40:46-34. Therefore  despite the elimination of the technical distinctions between the former writs of certiorari and mandamus *284 by the proceeding in lieu of prerogative writs  we must nevertheless here recognize the distinction between the types of relief sought by those writs to the end that we know what relief plaintiff actually seeks in this case. It is apparent that, in seeking a declaration that the suspension was illegal, plaintiff is seeking to "review" the legality of that suspension, i.e., by certiorari. In that respect we are not at all concerned about any mandamus action, as to which timeliness may not bar plaintiff because of the existence of a "continuing" duty which he seeks to enforce.
The converse of the situation here was recognized by Chief Justice Weintraub in Lettieri. Defendant there couched the suit as one to "review" the action of the Board of Medical Examiners. The Chief Justice, speaking for the court, readily perceived that, rather than an action to "review," the suit was one to "enforce" plaintiff's right to his medical license under a resolution of the Board. He therefore held that plaintiff was not out of time or in laches, because defendant's duty which plaintiff there sought to enforce was indeed a continuing one. See also Yannuzzi, 22 N.J., at p. 570. Conversely here, as stated above, plaintiff does not seek to "enforce," but rather to "review" (i.e., the legality of his suspension).
As said in Schack v. Trimble, supra:
"The import of the Yannuzzi and Lettieri exceptions to R.R. 4:88-15 is that where informal or ex parte determinations are made by administrative officials charged with the performance of ministerial functions, there is not ordinarily a sufficient crystallization of a dispute along firm lines to call forth the policy of repose." (28 N.J., at p. 49)
The duty which plaintiff would here impose upon defendant, i.e., to pay back salary under N.J.S.A. 40:46-34, is anything but "ministerial." It does not arise until judicial determination of the basic issue: illegality of the suspension. There is no lack of "crystallization" of that dispute  plaintiff was suspended on criminal charges on which a "no *285 bill" was returned on December 16, 1964. The issue was then clearly drawn. From thence forward there was called forth the "policy of repose." That policy, in this case, is grounded in the public interest which demands that plaintiff act with "utmost promptness," Glori v. Board of Police Commissioners, Newark, supra. No such policy barred plaintiff in Yannuzzi or Lettieri.
Plaintiff's reaching for section (c) of R.R. 4:88-15  the "catch-all" phrase where the interests of justice may permit an extension of time  avails him nothing. The "interests of justice" here must be measured in the context of the public interest which requires prompt resolution of a problem such as we have in this case. Further, it can be applied only "in the absence of laches or of prejudice resulting to the government from the extension * * *." Schack v. Trimble, supra, 28 N.J., at p. 51. Plaintiff's failure to act promptly justifies the conclusion that he acquiesced in the challenged action. Marjon v. Altman, supra. The court finds that plaintiff, in fact and in law, did so acquiesce in his suspension and is barred both by R.R. 4:88-15, and laches.
Defendant's motion for summary judgment is granted, and plaintiff's denied.
NOTES
[1] Plaintiff resigned from the department on October 7, 1966.
[*] These facts are irrelevant to the issue of the legality of plaintiff's suspension for the period during which he sues for back pay and are not to be considered so as to prejudice his contentions on the merits thereof. However, they are relevant solely as circumstances existing in the period during which he took no action to review the legality of the suspension.
[2] Here, it will be noted that plaintiff had already been reinstated on June 28, 1964, prior to the "no bill."