BOROUGH OF CHESTER, PLAINTIFF-APPELLANT, v. CHARLES ROSEBERRY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted June 10, 1985—Decided June 27, 1985.

Before Judges DREIER and SHEBELL.

*John M. Iaciofano,* attorney for appellant.

*Anthony L. Bongiovanni,* attorney for respondent.

The opinion of the court was delivered by

SHEBELL, J.A.D.

Plaintiff-borough appeals from a judgment awarding defendant-police officer back pay under *N.J.S.A.* 40A:14–151. On April 30, 1983 plaintiff charged defendant with disciplinary rules violations and suspended him without pay. Eight months later plaintiff amended the charges to include other grounds. At the conclusion of the disciplinary hearing defendant was found guilty only of the added charges. He appealed his conviction to the Law Division under *N.J.S.A.* 40A:14–150 and moved for eight months of back pay covering the suspension interval between the filing of the initial charges and their supplementation. He argued that because he had been "acquitted" of the initial charges he was entitled to back pay up to the date of the filing of amended charges. The motion judge agreed. We disagree and reverse.

The factual basis for the initial disciplinary charges was that on September 18, 1981 defendant without probable cause and for an inappropriate motive arrested and charged an individual with a violation of the motor vehicle statutes. In November of 1983 disciplinary hearings were conducted with plaintiff attempting to include as part of the original charges two additional matters, one having to do with witness tampering and the other charging defendant lied to the special prosecutor assigned to prosecute the motor vehicle charge defendant initiated. The witness tampering allegedly occurred immediately following the motor vehicle arrest and the lying to the special prosecutor in November of 1981. The hearing officer held that the later allegations were not included in the April 1983 charges and that supplemental charges were necessary in order for defendant to receive fair notice of the factual basis for the additional allegations. On December 1, 1983 plaintiff passed a resolution amending the April 1983 charges.

The hearing officer determined that plaintiff failed to prove that defendant acted without probable cause or with improper motivation. Defendant was therefore found not guilty of the

April 1983 charges. However the hearing officer recommended defendant's removal after finding that plaintiff had proven by a fair preponderance of the evidence that defendant attempted to give false or misleading information to the special prosecutor and that he attempted to influence another officer to give false and misleading information. This conviction was affirmed following a trial *de novo* in the Law Division.

 The Law Division in awarding back pay to defendant relied on *N.J.S.A.* 40A:14–151 which provides:

> Whenever any member or officer of a municipal police department or force shall be suspended or dismissed from his office, employment or position and said suspension or dismissal shall be judicially determined to be illegal, said member or officer shall be entitled to recover his salary from the date of such suspension or dismissal, provided a written application therefor shall be filed with the municipal clerk within 30 days after such judicial determination.

The statutory requirement of a judicial determination of illegality is satisfied where there is an acquittal on the disciplinary charges. *Tp. of Springfield v. Pedersen,* 73 *N.J.* 1, 4–7 (1977); *Graham v. Asbury Park,* 69 *N.J.Super.* 256, 261 (App.Div. 1961), aff'd o.b. 37 *N.J.* 166 (1962). Plaintiff questions the procedure under which defendant sought back pay and asserts that the Law Division lacked jurisdiction to decide the issue. Plaintiff cites *N.J.S.A.* 40A:14–150 which deals with Superior Court review of convictions of police officers on disciplinary charges. The provisions of that section are not applicable as defendant was acquitted.

 We recognize that defendant should have filed a written application for back pay with the municipal clerk within 30 days of his acquittal as required by *N.J.S.A.* 40A:14–151 and if payment was refused he could then have instituted an action in the Law Division. *See Graham v. Asbury Park,* 69 *N.J.Super.* at 258; *Manobianco v. City of Hoboken,* 96 *N.J.Super.* 273, 279–83 (Law Div.1967). *Cf. Fletcher v. Newark,* 155 *N.J.Super.* 5 (App.Div.1978). Instead, defendant made a motion for back pay in connection with the appeal of his conviction on the added disciplinary charges. Plaintiff however objected only to the merits of defendant's entitlement and not on jurisdictional

grounds. We consider that the parties agreed to a determination of the issue on the merits. *Cf. R.* 4:9–2. Inasmuch as the Law Division judge had the authority to determine defendant's claim if brought under proper procedures we will not dismiss for lack of jurisdiction or because of the apparent failure to exhaust the available administrative remedy. *See R.* 4:69–5.

 Plaintiff contends that the court erred in viewing defendant's suspension as being in two segments, that is, the April 30 notice and the December 1 amendment. Plaintiff argues there was only one suspension, that of April 30, as the December 1 notice was simply to give defendant knowledge of the complete charges against him. It is clear that the hearing officer was correct in requiring plaintiff to give specific factual notice of the supplemental charges. *West New York v. Bock,* 38 *N.J.* 500, 522 (1962); *Dept. of Law and Public Safety v. Miller,* 115 *N.J.Super.* 122, 126 (App.Div.1971); *Orange v. DeStefano,* 48 *N.J.Super.* 407 (App.Div.1958). In our view defendant's entitlement should not turn on whether or not the supplemental charges are viewed as referring back to the date of initial suspension. Rather we must look to whether the legislative policy of restoring to police salary which they were illegally denied is furthered by granting the relief sought here. A technical fragmenting of the period of suspension into segments as urged by defendant would not serve the public interest under the facts of this case. Rather an overall viewing of the charges and the suspension is required.

 Here, the April 30, 1983 suspension related to conduct occurring on September 18, 1981 when defendant made what was alleged to be an improper arrest. The December 1, 1983 amendment to the charges on which defendant was convicted dealt with witness tampering which occurred immediately following the September 18, 1981 arrest that was under scrutiny. The suspension was continuous from the date of the initial charges in April and was inclusive of the December 1, 1983 resolution amending those charges. In these circumstances we find no reasonable basis for defendant to have an expectation

of payment for the period from April 30, 1983 through December 1, 1983 merely because he was acquitted of the original charges when he was found guilty of the later charge which occurred at the same time. The purpose of the suspension was to relieve the officer of his public duties during the period when the charges were pending because of the apparent taint upon his ability to carry on in the position of public trust caused by his improper conduct. *N.J.S.A.* 40A:14–151 permits recoupment of such loss if the action was not warranted because the officer was not guilty of improper conduct. Defendant here should not benefit from this remedial statute. His conviction reflects that his conduct prior to his suspension rendered him unfit to serve his employment. The Legislature did not intend a result that would pay him back pay in these circumstances.

Our holding herein should not be construed to mean that we would not grant back pay in circumstances where the later charge failed to relate to a violation that would have warranted a suspension covering the entire time period under review. Our decision should not be seen to turn upon the fact that defendant was already on suspension at the time the later charges were filed.

We reverse and vacate the Law Division's order of September 4, 1984.