PEOPLE ex rel. REITH v. HAYES, Fire Com'r.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

MUNICIPAL CORPORATIONS—FIREMEN—REMOVAL—EVIDENCE—SUFFICIENCY.

 Evidence *held* insufficient to sustain a removal of a member of the New York City fire department for violation of the rules on the grounds of deception and evasion in failing to truthfully inform a superior officer in a certain investigation.

 Gaynor and Miller, JJ., dissenting.

Certiorari by the People, on the relation of Charles Reith, against Nicholas J. Hayes, as fire commissioner of the city of New York, to review proceedings dismissing relator as a fireman. Proceedings annulled, and relator restored to his position.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Jacob Rouss (Louis J. Grant, on the brief), for relator.
James D. Bell, for respondent.

WOODWARD, J. The relator was a member of the fire department of the city of New York, had never been charged with any dereliction of duty, and he was enrolled in the honor list of the depart-

ment. He was charged jointly with Lieut. Thomas J. Burke with three offenses, as follows:

(1) Neglect of duty. The specification was that relator—

"failed to notify his commanding officer or superior officers in the department of a matter affecting the welfare and discipline of the department, and of which he had been fully informed and was duly cognizant of, to wit, the alleged theft of an article by a member of this department at a fire, * * * in violation of section 195, Rules and Regulations 1903."

(2) Conduct unbecoming a gentleman and member of the department, in that—

"he entered into, or was a party to and fully cognizant of, a conspiracy entered into by certain members of Hook and Ladder Company No. 6, for the sole purpose of injuring and discrediting the commanding officer of that company, Foreman William H. McCarthy, by insinuating or alleging that said Foreman William H. McCarthy had stolen from Mr. M. Lipschitz * * * an article known as a button fastener, and had placed same in the drawer of his (McCarthy's) desk, and then causing Mr. Lipschitz to be notified that he could find the article alleged to have been stolen in said desk."

.(3) Violation of section 211, Rules and Regulations 1903, in that—

"he was guilty of deception and evasion in failing to truthfully inform the deputy chief of department, Charles W. Kruger, of the true state of affairs in his investigation and complaint of Mr. M. Lipschitz in relation to articles stolen or alleged to be stolen from him on the occasion of a fire in his premises."

The relator was put on trial before Deputy Commissioner Churchhill, and he was found not guilty under the first two charges and specifications, so that the inquiry upon this review is as to the evidence in support of the third charge and specifications. Section 211 of the Rules and Regulations requires that a member shall—

"not be guilty of deception, or evasive of any law, ordinance, rule, regulation, or order, general, special, or verbal."

The theory on which the relator has been convicted under this charge, and been dismissed from the service, is that in answering the questions put to him by the deputy chief of the department in the investigation of the alleged theft by the foreman, William H. McCarthy, the relator was impliedly "ordered" to tell all that he knew about the matter, and that in telling what he did tell he misrepresented the facts as he knew them to be. Passing by the fact that this is a strained and unnatural construction of this rule, let us assume it to be the correct one. The report of the deputy chief of the department, which is contained in the record, though it does not appear to have been offered or received in evidence, says that he examined the relator at about 8:30 a. m., on the 19th day of October, 1904, in the presence of Chief Lucas, and that the relator stated:

"That at fire station 131, in Mott street, on 29th of September, while working in store, Fireman McGroarty, now a probationary policeman, called his attention to the captain taking out of a box a pair of pinchers, and saw the captain put it in his hip pocket; that on return to quarters he followed the captain upstairs and saw him put it in bottom drawer of desk. The captain has been 'pounding' me, and to get 'hunk' on him I took the button fastener out of the captain's desk on the 18th inst. and took it over to the owner for him to identify it, and told him who stole it. The owner wanted to go to police, but he told him he had better go to the deputy chief, and showed him

where the deputy chief's quarters were. He then returned to quarters and placed the fastener back in bottom drawer of desk. When asked when he last saw McGroarty, he answered last night (18th inst.). When asked if the 'pounding' he referred to was in the shape of charges preferred against him, he answered in the negative, and said that captain of late was threatening to bring him to headquarters."

This is all the statement the relator is alleged to have made to the deputy chief, and the charge is that he was guilty of—

"deception and evasion in failing to truthfully inform Deputy Chief of Department Charles W. Kruger of the true state of affairs in his investigation," etc.

The evidence before Deputy Commissioner Churchill does not show that any different state of affairs existed than that which the relator is alleged to have told him. The relator testified to substantially the same state of facts upon the trial. He was fully corroborated by Policeman John McGroarty, who was in no wise impeached, and who was not shown to have any interest in the matter, or to have any grievance against Capt. McCarthy; and, the deputy commissioner having dismissed the charges relating to conspiracy, it cannot now be suggested that this witness was involved in a conspiracy against McCarthy for the purpose of discrediting him. So far as anything in the record is concerned, this witness appears to have been wholly disinterested, and it may not be presumed that Policeman McGroarty deliberately perjured himself by testifying that he saw McCarthy steal this implement. He is entitled to the usual presumptions of innocence of crime and that he has done his duty in testifying in a public investigation, and his testimony, fully sustaining that of the relator in reference to the stealing of the pinchers or button fastener, is entitled to be given consideration. It is true that McCarthy denied having stolen the implement, and great stress is laid upon the fact that it was of no practical value to him, and that the alleged theft occurred in a small room in the presence of a large number of men, and that only these two men claim to have seen the theft; but it should be remembered that people do not usually intend to be seen when engaged in thieving, and not one of the men who were present, with the exception of the relator and Policeman McGroarty, were called, nor were there any facts disclosed which tended to discredit the testimony of these two men. It is not necessary in this case to find that McCarthy actually stole the button fasteners—that he intended to commit larceny. It is enough that the evidence before the commissioner did not warrant the conclusion that the relator had been guilty of deception and evasion. He appears to have told a straightforward story. He stated what he saw, and in this he is corroborated by an entirely disinterested witness; and it is not disputed that the button fastener was in McCarthy's desk drawer for two weeks after the fire and prior to the time that the relator took it out, and there is not the slightest evidence that the relator or any other person placed it there, other than McCarthy. The relator says that he saw McCarthy place the implement in the drawer immediately after the fire. This the learned deputy commissioner attempts to discredit in a so-called opinion and decision. He says:

"Two bits of Reith's testimony, however, must be deemed false. First, his statement that from the foot of the stairs he saw the foreman put the button fastener in the desk."

But the relator nowhere in the record makes such a statement. He says he saw the foreman place it in the drawer while upon the same floor with him, as he was going to bed. He continues:

"Second. He did not meet Lipschitz on the street on October 17th. There is no doubt that Reith went direct to Lipschitz's place on the morning of the 18th, without prior arrangement, or invitation, or meeting."

It is entirely immaterial whether the relator met Lipschitz on the 17th or not, so far as any question involved in this trial was concerned; but a careful examination of the record will show that, while the witness Lipschitz was hazy in his testimony, he did not dispute that the relator met him and arranged to come to him on the 18th with the button fastener, just as the relator described the matter. Again, this deputy commissioner, who is alleged to have desired to bring out all the truth, declares that:

"Besides these two signal instances of falsehood, Reith's testimony bristles with equivocation and evasion."

But if these defects appear in his testimony they have not been pointed out. He appears to have told a straightforward story, and to have insisted upon it in all its details, substantially as he told it to the deputy chief in the first instance, and he is strongly supported by the evidence, both direct and indirect. It is difficult to read over this record, with the aid of counsel's brief, and reach any other conclusion than that there was a determination to find the relator guilty of something, regardless of the evidence; and he has been found guilty of a charge so vague and indefinite that it could hardly have been conceived in fairness. The evidence is overwhelming that the relator told the true situation as it appeared to him. He did not attempt to disguise the fact that he was not friendly with McCarthy, even that he was actuated by a desire for revenge in calling attention to the alleged theft; but the motive which prompted him to act has nothing to do with the case. He had a right to disclose a crime, even for a bad motive, and the effort to establish a conspiracy having been abandoned, and it not appearing that any one other than McCarthy placed the button fastener in the desk, and two witnesses having testified to having seen McCarthy take it, there was no evidence in this case on which the relator could properly be convicted of the charge upon which he has been removed from his position.

If the relator had been convicted upon the charge of failing to disclose to his superior officer the fact of the crime, the evidence would have come much nearer justifying the result; for there was a period between September 29th, the date of the fire, and October 18th, during which the relator knew of the facts, assuming them to be true, and yet he made no effort to disclose the truth to his superior officers. But he is not guilty of this charge, as the deputy commissioner finds, because McCarthy did not steal the button fastener; and, having reached this conclusion, it was necessary to find some other pretext, and so the third charge was sustained, though, as we have already

briefly pointed out, it was necessary for the tribunal hearing the evidence to misrepresent the testimony of the relator to even find an excuse for such a finding. This same deputy commissioner says:

"Foreman McCarthy utters a denial; and, if there was a plot or conspiracy against him, little more than a denial can be expected."

But he had already found that there was no conspiracy or plot against Foreman McCarthy, and with the uncontradicted evidence that the button fastener was in McCarthy's drawer from immediately after the fire up to the exposure, and the testimony of two witnesses to the act, he permits this simple denial to outweigh everything else in the case, and to practically convict two men of perjuring themselves for the sake of a petty revenge, not shown to be desired by one of the witnesses in any degree.

This was not a fair and impartial trial, and the proceedings of the fire commissioner should be annulled, with costs, and the relator should be restored to his position.

JENKS and HOOKER, JJ., concur. GAYNOR and MILLER, JJ., dissent.