PEOPLE ex rel. REITH v. POLK et al., Municipal Civil Service Commission.

(Supreme Court, Appellate Division, Second Department. May 6, 1910.)

1. MANDAMUS (§ 143*)—APPLICATION—LACHES.

Where relator, after his application for a special examination for promotion in the fire department had been denied, was advised by an attorney that there was then pending a proceeding which involved similar questions, and that he should defer any legal proceedings until same was determined, and he delayed for more than 10 months in making application for mandamus for a special examination, the delay constituted laches, fatal to the granting of the relief sought.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 285; Dec. Dig. § 143.*]

---

2. MANDAMUS (§ 154*)—APPLICATION—SUFFICIENCY.

Where relator, who had been reinstated to his position in the fire department, applied for mandamus for a special examination for promotion, and he was not a candidate at an examination previously held, and made no application to enter, and his petition did not show that he was eligible, or that he would have taken the examination if he had not been dismissed before it was held, or that he had any such intention, the moving papers were insufficient to entitle him to the relief sought.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 300; Dec. Dig. § 154.*]

Appeal from Special Term, Kings County.

Application by the People, on the relation of Charles Reith, for a peremptory writ of mandamus against Frank L. Polk and others, constituting the Municipal Civil Service Commission of the City of New York. From an order granting the writ, defendants appeal. Reversed, and writ denied.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

James D. Bell, for appellants.

Jacob Rouss (Louis J. Grant, on the brief), for respondent.

RICH, J. The facts are undisputed. The relator was appointed a fireman in the fire department of the city of New York on December 10, 1901. He was dismissed February 9, 1905, having been found guilty, after trial, of a violation of the rules and regulations of the department. Upon appeal to this court the determination was reversed, and he was restored to his position. 127 App. Div. 6, 111 N. Y. Supp. 270. On November 27, 1908, he was reinstated. On September 23 and 27, 1907, a civil service examination for promotion was held. The eligible list resulting from this examination was announced on December 30, 1907. In December, 1908, the relator filed an application with the appellants for a special examination for promotion, upon the ground that he was out of the department at the time such examination was held in 1907, and had been reinstated by the courts. On December 16, 1908, the appellants denied his request.

The petition by which this proceeding was commenced was verified November 8, 1909, more than 10 months after his application had been denied. The only excuse offered for this long delay is contained in the averment that after the denial of his application by the appellants he consulted his attorney and was advised that there was then pending in this court a proceeding (In the Matter of Tormey v. Polk, as Civil Service Commissioner, 134 App. Div. 939, 118 N. Y. Supp. 1135) which involved similar questions, and that under the circumstances he should defer any legal proceedings until the determination of said proceeding, but that case was decided at Special Term in favor of Tormey's contention in January, 1909. This decision is now claimed to be an authority in favor of the relator in the case at bar, and I do not think he was justified in waiting for the decision of this court upon appeal before moving for a writ of mandamus. The excuse offered is insufficient, and the delay constitutes laches fatal to the granting of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the relief sought by mandamus. People ex rel. Croft v. Keating, 49 App. Div. 123, 63 N. Y. Supp. 71; People ex rel. Finn v. Greene, 87 App. Div. 346, 84 N. Y. Supp. 565. The facts in the Tormey Case are so radically different from those presented by the case at bar that they did not justify delay on the part of the relator, and the conclusion reached in that proceeding furnishes no authority for the relator's contention here.

In the case at bar the relator was not a candidate for the examination held in September, 1907, and made no application to enter the same. His petition does not show that he was eligible, or that he would have taken the examination if he had not been dismissed before it was held, or that he had any such intention. In these respects the moving papers are fatally defective and insufficient to entitle the relator to the relief sought by this proceeding.

Upon both grounds, the insufficiency of the moving papers and laches, the order must be reversed, with $10 costs and disbursements, and the application for the writ denied, with costs. All concur.

---

### In re ROBINSON'S ESTATE.

(Supreme Court, Appellate Division, First Department. April 29, 1910.)

ACTION (§ 69*)—SPECIAL PROCEEDINGS—STAY—OTHER ACTION PENDING.

Where, pending a special proceeding in the Supreme Court to compel a judicial accounting by trustees, one of the trustees commenced an action for an accounting against those interested in the estate, in which a stay of the special proceedings was first denied, and afterwards granted by the Appellate Division, an order in the special proceeding to compel the trustees to account was erroneous.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 69.*]

Appeal from Special Term, New York County.