PONDER, Justice.
 

 In these mandamus proceedings, the relators, Jesse Boudreaux, J. M. Roux and L. O. Damon, are seeking to be reinstated as employees of the Department of Public Safety and to obtain a judgment for their salaries, at the rate of $165 each per month, from January 15, 1941 until such time as they are restored to their employment.
 

 Alleging that they were illegally dismissed from their employment, without written charges having been preferred against them, without having a hearing and without a compliance with the provisions of Act No. 94 of 1936, as amended by Act No. 57 of 1938, the relators brought this suit for mandamus against Steve Alford, Director of Public Safety, Ludlow B. Baynard, State Auditor, and Andrew P. Tug-well, State Treasurer. They seek to compel the State Auditor to issue their salary warrants to the State Treasurer and to compel the latter to honor such warrants, The following exceptions and plea were filed on behalf of the respondents:
 

 1. Misjoinder of parties plaintiff.
 

 
 *49
 
 2. Misjoinder of parties defendant.
 

 3. Exceptions of no cause and no right ■of action.
 

 4. Prescription of one year.
 

 Thereafter, the respondents, reserving their rights under the exceptions and plea, answered, pleading estoppel by laches.
 

 The lower court reserved its rulings on the exceptions and plea, and a hearing was had on the merits, resulting in a judgment in favor of the respondents, recalling the alternative writs of mandamus and dismissing the proceedings on the ground that the relators were estopped by their laches. The relators have appealed.
 

 It is not important to determine whether the exceptions and plea of prescription are well founded, for the reason that we have ■concluded that the relators’ case, on its merits, cannot be maintained.
 

 From the agreed statement of facts, it appears that the relators had been in the ■employ of the Department of State Police for more than a year prior tó January 9, 1941. Marc M. Mouton, Acting Governor, ■directed an executive order to Steve Alford, Director of Public Safety, on January ■9, 1941, in the form of a letter which reads as follows:
 

 ■“Dear Sir:
 

 “By virtue of the authority inherently vested in me as Governor, of the State of Louisiana and head of the Executive Department thereof, and to eliminate inefficiency therefrom, I have this date removed from their positions as troopers of the Division of State Police, Department of Public Safety, the following named persons :
 

 Trooper W. R. Allen
 

 Trooper A. C. Ferran
 

 Trooper M. L. Satterlee
 

 Trooper Alfred Oubre
 

 Trooper Blanchard H. Reeves
 

 Trooper J. M. Roux
 

 Trooper Jesse Boudreaux
 

 Trooper L. O. Dammon
 

 “You are hereby directed to notify these persons of this order which is to become effective on the 15 day of January, 1941, on which date you are to remove them from your payroll.”
 

 On January 13, 1941, Steve Alford, Superintendent of the Department of State Police, wrote letters to the relators informing them of the executive order of the Governor and ordering them to turn in all property in their possession belonging to the State.
 

 The relators were dismissed from the service of the Department of State Police as a result of the executive order of January 9, 1941. At the time the relators were dismissed from the employ of the Department of State Police, they were each receiving a monthly salary of $165. The relators have not received any wages, salary or compensation since January 15, 1941.
 

 No charges were preferred in writing against the relators, and no hearing was had regarding their dismissal. The relators did not ask for a hearing after they received their notices of dismissal. On June 2, 1942, and July 22, 1942, amicable demands were made by the relators through
 
 *51
 
 their counsel for the payment of accrued salaries for the period beginning January 16, 1941, without avail.
 

 It also appears from the agreed statement of facts that the functions and duties of the Department of State Police were purportedly transferred to the Department of Public Safety under the provisions of Act No. 47 of 1940, which act was declared unconstitutional in the case of O. Dolan Ricks v. Close, 201 La. 242, 9 So.2d 534, by a judgment of the Supreme Court of this State which became final on July 20, 1942.
 

 Under the provisions of Act No. 110 of 1942, the Governor appointed Steve Alford as director of the Department of Public Safety, which position he now holds.
 

 The relators take the position that they were illegally discharged. This contention is based on the ground that the chief executive of the State had no authority to remove relators, and, the further ground, that they were not removed from their service in compliance with the procedure outlined in sec. 9 of Act No. 94 of 1936, as amended by Act No. 57 of 1938. This section provides :
 

 “The Superintendent may discharge or demote any employee of the Department for cause, if charges have been preferred in writing against such employee by the Superintendent, or by any employee of the Department, or by any other person, and a copy thereof has been furnished to such employee. No discharge shall be made until after a hearing, if the employee so demands within five days after receiving such copy of the charges. Such hearing, if demanded, shall be held before the trial board provided in Section 10 hereof, and the defendant may be represented by counsel. In such case, if a hearing is held, the finding of the trial board shall be submitted to the Superintendent for such action as seems fit to. him. Probationers may be discharged without hearing. Provided, however, that nothing herein contained shall be construed as. preventing the Superintendent from temporarily suspending any employee of the Department for cause, pending such investigation and trial as provided for herein.”'
 

 The respondents contend that the relators having acquiesced in their dismissal and having made no effort to be reinstated until some eighteen months thereafter are thereby guilty of laches which estop them from prosecuting this suit.
 

 The relators are under the impression that the pendency of the suit of Ricks v. Close, supra, was a reasonable excuse for the delay in asserting their claims. They contend that while the suit involving the-constitutionality of Acts Nos. 47 and 48 of 1940 was pending, it would have availed' them nothing to have instituted proceedings for reinstatement and accrued salary,, and to have succeeded in their suit at that time, it would have been necessary for them to attack the constitutionality of the acts. They assert that such a step was. wholly unnecessary for the reason that the question was already before the courts.
 

 Whether or not the dismissals of the relators were made in conformity with Act No. 94 of 1936, as amended, would be of no moment for the- reason that under
 
 *53
 
 the facts in this case, the relators would be estopped by laches from asserting their claims after permitting eighteen months to elapse without any effort being made on their part to be reinstated.
 

 In the recent case of State ex rel. William F. Martin v. Steve Alford, Superintendent, Department of State Police et al., 203 La. 232, 13 So.2d 845, after a review of the jurisprudence of this State and other states, we arrived at the conclusion that the right of a discharged public employee to be reinstated may be lost by laches or unreasonable delay in making application for that purpose. We pointed out therein that the Supreme Court of the U. S. in United States ex rel. Arant v. Lane, 249 U.S. 367, 39 S.Ct. 293, 294, 63 L.Ed. 650, said:
 

 “When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified the government service may be disturbed as little as possible and that two salaries shall not be paid for a single service.”
 

 The principle enumerated in United States ex rel. Arant v. Lane, supra, was recognized in Nicholas v. United States, 257 U.S. 71, 42 S.Ct. 7, 66 L.Ed. 133, and Wilson Scott Norris v. United States, 257 U.S. 77, 42 S.Ct. 9, 66 L.Ed. 136.
 

 The necessity for prompt action on the part of a discharged employee to,be reinstated has been recognized by this court and the courts of other states on many occasions. State ex rel. William F. Martin v. Steve Alford, supra; and authorities cited therein; State ex rel. Pepper v. Sewerage & Water Board, 177 La. 740, 149 So. 441; Renshaw v. State, 149 Fla. 342, 5 So.2d 700; Landis, Att’y Gen. ex rel. Quigg v. Reeve, 106 Fla. 28, 142 So. 654; State ex rel. Ball v. City of Knoxville, 177 Tenn. 162, 147 S.W.2d 97, 145 A.L.R. 762; Campbell v. City of Los Angeles, 47 Cal.App.2d 310, 117 P.2d 901; Farley v. Abbetmeier, 72 App.D.C. 260, 114 F.2d 569.
 

 This court has refused to entertain the claims of employees, clerks, policemen and school teachers for reinstatement or grant mandamus when suits were instituted a year or more after their dismissal. Ziemer et al. v. City of New Orleans, 195 La. 1054, 197 So. 754.
 

 From a reading of the various decisions touching this question, it is apparent that they are based on consideration of public policy which requires the discharged employee to promptly assert his right in order that the public service may not be unduly disturbed or that two salaries might not be paid for one service. Prompt action is necessary that the public interest might be protected as well as the rights of the discharged
 
 employee
 
 vindicated.
 

 From our examination of the jurisprudence of this State as well as other states, we find that there is no fixed rule for determining what constitutes prompt action on the part of a discharged employee to assert his rights. Each case must depend to a large extent upon its own peculiar facts. However, when a discharged em
 
 *55
 
 ployee permits more than eighteen months to .elapse without making any effort to be reinstated; undoubtedly, under the above-cited authorities, he would be estopped to assert his rights at this late date, unless there is a sound excuse for the delay. The only excuse advanced by the relators is the pendency of a suit touching the constitutionality of Acts Nos. 47 and 48 of 1940.
 

 It is unnecessary for us to determine whether or not the constitutionality of these acts would have any effect on the rights of the relators to be reinstated in view of the fact that awaiting a final decision in a similar case does not constitute a sound excuse for the delay of the relators in asserting their rights. State ex rel. Calamari v. Orleans Parish School Board, 189 La. 488, 179 So. 830; State ex rel. McMurray v. Orleans Parish School Board, 189 La. 502, 179 So. 834; People ex rel. Reith v, Polk, 138 App.Div. 497, 122 N.Y.S. 1048.
 

 For the reasons assigned, the judgment of the trial court, recalling the alternative writs of mandamus and dismissing the relators’ suit, is affirmed at appellants’ cost.