O’NIELL, Chief Justice.
 

 This case was submitted on briefs, without oral argument, on the joint motion of the parties, under the provisions of Section 8 of Rule IX of the Rules of this court, 191 La. xiii.
 

 The relator in his petition in the district court prayed for a writ of mandamus to compel the Democratic Executive Committee for the City of Oakdale to certify his name as a candidate for the Democratic nomination for the office of Marshal of the City in the primary election -to be held on ' May 4, 1948, and to that end he prayed also to be permitted to reinstate an application which he had filed with the Committee to become a candidate, and to have his name printed on the official ballots to be used in the primary election. In the alternative he prayed that the Committee should be ordered to cancel and set aside its resolution dated March 4, 1948, calling a Democratic primary election .to nominate a candidate for Mayor, candidates for five members of the Board of Aldermen, and candidates for three members of the Democratic Executive Committee for the City, and that the Committee should call anew the primary election for the nomination of these offices and should include in its call the office of City Marshal, for which office the relator was an aspirant. The defendant, Democratic Executive Committee, filed a number of exceptions to the petition, including an exception to the manner in which the allegations of the petition were verified, an exception of nonjoinder of necessary parties, .a plea of laches, a plea of estoppel, and an exception of no cause or right of action. At the same time the defendant filed an
 
 *681
 
 answer to the petition, which answer was virtually a reiteration of the plea of laches.
 

 The case was tried and submitted on all of the exceptions and on the issue joined by the defendant’s answer. The judge gave judgment for the defendant rejecting the relator’s demand, and he is appealing from the decision.
 

 The judge found that the relator had waited too long to file his suit after the Committee had called the primary election to nominate candidates for the offices of Mayor, Aldermen and members of the Democratic Executive Committee for the City. In calling the primary election, the Committee did not include in the call the office of City Marshal. It appears that the reason for that was that the term of the incumbent in that office was not to expire until December 31, 1948, according to the understanding of the Committee. Hence the Committee intended to call the primary election in September 1948 to nominate a candidate for the office of Marshal. The judge decided that the relator was guilty of laches in failing to bring his mandamus suit in time to allow the Committee to include the office of Marshal in its call for the Democratic primary election. The record shows that that defense is well founded. The Committee in its call for the primary election for the office of Mayor, members of the Board of Aldermen and the three members of the Democratic Executive Committee for the City, designated March 15th as the date of the deadline for candidates for the Democratic nomination to qualify.' It was not until the afternoon of that date, March 15, 1948, that the relator in this suit presented to the secretary of the Committee an application to qualify as a candidate for the nomination for the office of city Marshal. The suit was not filed until March 29, 1948. As far as the record discloses the general election for the municipal offices of the City qf Oakdale, such as Mayor and Aider-men, does not fall on the same day on which .the general election for state and parochial offices is held. Section 25 of Act No. 46 of 1940, as amended by Section 2 of Act No. 351 of 1946, provides that where the election of municipal officers of any particular municipality does not fall on the date fixed by law for the general state election, or on the date fixed by law for congressional elections, the date to be fixed by the Democratic Executive Committee of the municipality for the primary election shall be not less than 60 nor more than 70 days prior to the date on which the municipal election is to be held. In such cases the Democratic Executive Committee for the municipality is required to meet not less than 111 days nor more than 126 days previous to the date on which the election is to be held. As far as the record discloses it would have been impossible for the Committee in this case to meet and .call a Democratic primary election for the nomination of a candidate for the office of Marshal within the time prescribed by law after the relator filed this mandamus suit.
 

 
 *683
 
 Besides, the court properly ruled that the relator’s petition did not disclose a cause or right of action to compel the Committee to certify his name as a candidate for the office of City Marshal in the primary election to be held on May 4, 1948, because in fact no primary election had been called to nominate a candidate for that office. By the same token the Committee could not have been ordered to print relator’s name on the ballot to be used in that election, which was called only for the-nominations for the offices of Mayor, members of the Board of Aldermen and three members of the Democratic Executive Committee for the City. And, by the same token, the relator has no cause or right of action to compel the Committee to cancel and set aside its resolution calling a primary election for the nomination of candidates for the office of Mayor, members of the Board of Aldermen and members of the Democratic Executive Committee for the City. Not being a candidate for any of these offices the relator has no interest in having the resolution of the Committee can-celled so far as it called a primary election for these offices. In fact it is likely that candidates for the Democratic nomination for these offices have filed their applications and affidavits showing their qualifications for the Democratic nomination for these offices.
 

 The judgment appealed from is affirmed at the cost of the appellant.