102 So.2d 234

STATE ex rel. A. M. LEMOINE et al.

v.

MUNICIPAL DEMOCRATIC EXECUTIVE
COMMITTEE OF TOWN OF
MANSURA.

No. 43994.

April 21, 1958.

Laborde, Edwards & Lafargue, Marksville, for relator.

Eugene N. Scallan, Marksville, for respondent.

PONDER, Justice.

Certain citizens and qualified electors of the Town of Mansura sought to mandamus the Democratic Executive Committee of the Town of Mansura to meet and order a primary election for the purpose of nominating candidates for the general municipal election which they contend should be held on Tuesday, June 10, 1958. To this suit the Democratic Committee filed exceptions of no cause and no right of action. A rule to show cause issued and the case was tried upon an agreed stipulation of facts. After hearing, the trial judge overruled the exceptions filed to the suit, made the rule absolute and issued a peremptory writ of mandamus ordering and commanding the Democratic Executive Committee to meet instanter for the purpose of ordering and calling a primary election to be held on June 10, 1958 and to take all of the necessary steps to properly accomplish this purpose. The Democratic Committee applied to this Court for writs and certiorari was granted by us with a stay order and the matter is now submitted for determination.

According to the stipulation of facts, a general election was held in Mansura, Louisiana, on June 12, 1956, at which election the present incumbent officials of the town were elected. At the same time the electorate of the town voted on the proposition of whether or not the town would adopt and be governed by the provisions of Title 33, Chapter 2, Part I of the Revised Statutes, commonly known and referred to as the Lawrason Act. The proposition carried and there was no election held in 1957. The officials of the town were advised subsequently by the Attorney General that the first election under the Lawrason Act should have been held in June of 1957 and that if no election was held the offices of the town became vacant since the first four year term provided under the act began to run on July 1, 1957, making the incumbent officers holdovers, and it was

therefore the duty of the Governor to appoint officers to fill the vacancies. Accordingly, Governor Earl K. Long appointed the same officials of the town who were elected in 1956 to fill the vacancies created by the failure to hold an election in 1957. The Democratic Executive Committee of the town, subsequent to the appointments by the Governor, met and announced that it would not call a democratic primary election in 1958. The present suit was then instituted seeking to have the committee meet and order a primary election to nominate candidates for a general election to be held on June 10, 1958.

■ Relator, Democratic Executive Committee, contends first that the petitioners waited until the last day on which the committee could have called a primary election to file suit and therefore were guilty of laches under the decision in State ex rel. Davion v. Democratic Executive Committee of City of Oakdale, 213 La. 678, 35 So.2d 427, 429.

This Court said in the Davion case, above cited, "As far as the record discloses it would have been impossible for the Committee in this case to meet and call a Democratic primary election for the nomination of a candidate for the office of Marshal within the time prescribed by law after the relator filed this mandamus suit." This language is appropriate to the case at bar.

Relator next contends that it was error for the respondent judge to find that a general election for municipal officers must be held in the Town of Mansura in the year 1958. Relator points out that under LSA–R.S. 33:383 elections shall be held every four years and the officers elected shall hold office for four years. Under this section it is provided that if no election is held the governor shall appoint someone to fill the office "who shall hold the office until the next general municipal election."

■ It is to be remembered that the last election in the Town of Mansura was held in 1956 and at the same time the Lawrason Act was adopted by the electorate. Under the provisions of LSA–R.S. 33:383 the first municipal election that could be held, in accordance with law, would in this case have been the Tuesday next following the second Monday in June of 1957. Since no election was held on this date, the offices became vacant on July 1, 1957 and it was proper for the governor to appoint to fill these vacancies. LSA–R.S. 33:383.

■ The question then arises whether these appointments would be for the unexpired term of the first four year term under the act, which began to run on July 1, 1957, or would the appointments be until the next general municipal election that should be allegedly held in June of 1958.

It is the contention of relator that the appointments were for four years commencing to run on July 1, 1957, while respondent contends that the appointments expire when the first election is held under the Lawrason Act which respondent interprets to be in June of 1958.

LSA–Revised Statutes 33:383 provides:

"Municipal elections shall be held every four years on the Tuesday next following the second Monday of June. The officers elected shall qualify and enter upon the discharge of their duties on the first day of July, after their election, and shall hold their office for four years. If no election is held on the day herein prescribed, or if a vacancy in any municipal office, elective by the people, occurs, or if an officer elected fails to qualify, the governor shall appoint some suitable person to the office, who shall hold the office until the next general municipal election and until the qualification of his successor thereafter."

It seems perfectly plain from the provisions of the Act that when the relator did not call an election in June of 1957, which was not objected to by petitioners herein, it was proper for the governor to make appointments to fill the vacancies and having done so these officers are to hold office from July 1, 1957, until July 1, 1961.

It was the view of the respondent judge that the adoption of the Lawrason Act in 1956 by the Town of Mansura could have no effect on the terms of the officers then elected for two years under the terms of the original charter of the town. Hence, he reasoned, the first election under the Lawrason Act would be in June of 1958. This position is untenable under the plain provisions of the act itself which provides in the last paragraph of LSA–R.S. 33:383 that:

"Officers of a municipality who are in office when the municipality elects to come under the provisions of this Part under R.S. 33:322, shall retain their offices until the first election under this Section, with the powers of like officers under this Part."

Therefore, the peremptory writ of mandamus issued herein should be recalled and the exception of no right and no cause of action filed by relator, Municipal Democratic Executive Committee of the Town of Mansura, should be maintained and petitioners' suit dismissed at their cost.

For the reasons assigned, the judgment of the lower court is reversed and set aside, the writ of mandamus is recalled, and the suit is dismissed at the cost of petitioners-relators.