322 So.2d 452 (1975)
Mrs. Camille Silvera MOLERO, Testamentary Executrix of the Succession of Manuel Molero
v.
Perry R. BASS et al.
No. 6422.
Court of Appeal of Louisiana, Fourth Circuit.
November 11, 1975.
Rehearing Denied December 9, 1975.
Writ Refused January 30, 1976.
*453 Wilkinson & Wilkinson, New Orleans (Hugh M. Wilkinson, Jr., and James Wilkinson, III), New Orleans, for plaintiff-appellant.
Provosty & Sadler, Alexandria (Richard B. Sadler, Jr., and William H. DeLaunay, Jr.), Alexandria, for defendants-appellees.
Before STOULIG, MORIAL and BOURG, JJ.
BOURG, Judge.
This case involves an appeal from the sustaining of an exception of no cause or right of action on the basis of laches and the dismissing of plaintiff's suit. The facts are long and complicated, however, a brief statement of them is as follows:
In 1945 Manuel Molero and Sid Richardson entered into a contract in which Richardson was to assign overriding mineral royalties to Molero on any leases Richardson obtained in a certain area in Louisiana. This contract was performed until 1949, at which time Richardson formed a partnership with Perry Bass and placed his assets, including the mineral leases in Louisiana, into the partnership. Shortly after the formation of the partnership the royalty payments to Molero were stopped. In 1950 Molero sent a demand letter to Sid Richardson and Richardson and Bass, asking for his royalty assignments under the contract. No further action was taken by Richardson or the partnership and no further action was taken by Manuel Molero.
On September 30, 1959, Richardson died, his succession was opened in Texas and ancillary proceedings were opened in Louisiana. His executors qualified here and for a period of two years after the opening of the succession in Louisiana they commenced to sell all of Richardson's mineral interests in this state.
In February of 1962 Molero died and shortly thereafter Richardson's succession was closed and Molero's succession opened. Plaintiff, Camille Silvera Molero, qualified as executrix of the Succession of Manuel Molero and on May 27, 1964, filed this suit for the overriding royalty assignments against the following defendants: Perry Bass, Howell Smith and John Connally, individually and as executors of the Estate of S. W. Richardson, the S. W. Richardson Foundation, Bass Brothers Enterprises, Inc., Richardson Oils, Inc., and The Prudential Insurance Company of America. These defendants filed various exceptions to the plaintiff's suit, some of which were sustained. See Molero v. Bass, 190 So.2d 141 (La.App. 4th Cir. 1966). Following *454 the decision of this Court the plaintiff amended her petition and the defendants filed more exceptions. No action in this case was prosecuted from March 28, 1967 until February 25, 1972.
On February 25, 1972, a hearing was set for the peremptory exceptions of prescription and no cause or right of action filed on behalf of defendants Perry Bass, Bass Brothers Enterprises, Inc., and Richardson Oils, Inc. The hearing was held on September 20, 1973, and judgment was rendered on March 4, 1974. In that judgment the trial court sustained these defendants' exceptions of no cause or right of action on the basis of the claim being barred by laches. As to the exception of prescription the trial court withheld any decision on that issue.
From the above judgment plaintiff has appealed.
The issue before this Court is whether the plea of laches was properly sustained. Laches is an equitable doctrine and thus within the sound discretion of the court. Its purpose is to bar prosecution of stale and antiquated demands which would cause injustice if pursued. Labarre v. Rateau, 210 La. 34, 26 So.2d 279 (1946); Shirey v. Campbell, 151 So.2d 557 (La. App. 2nd Cir. 1963); Triangle Oil Co. v. City of New Orleans, 5 So.2d 558 (Orl. La.App.1942); 30A C.J.S. Equity § 112 et seq.
It is difficult to state the elements of laches or to state a "test" for the application of laches. In general, since the applicability of laches is within the discretion of the court, each case rests upon its own particular set of circumstances. It is possible to say that laches has no application where there has been no delay in asserting the right. However, delay of time alone will not suffice, there must be other circumstances. Prime among the other circumstances most often mentioned in the jurisprudence are a prejudicial change of conditions occurring during the delay and reliance by the defendant upon the inaction of the plaintiff. Munson v. Martin, 249 La. 925, 192 So.2d 126 (S.Ct.1966); Labarre v. Rateau, supra; Shirey v. Campbell, supra; 30A C.J.S. Equity §§ 115-119.
The present case arises from a hearing on an exception of no cause or right of action. Although evidence could have properly been introduced to support the plea of laches, none was adduced. The record is devoid of any testimony or documentary evidence from that hearing. Thus, it appears that the trial court made its decision solely on the basis of the pleadings and the oral arguments. We find this to be error.
In his Reasons for Judgment the trial court makes it plain that the suit was dismissed exclusively on the grounds of lapse of time. As mentioned above, this finding, without any other finding of prejudice, waiver, reliance or other change of circumstance, is insufficient to sustain a plea of laches. Although a plea of prescription was before the trial court, the trial court specifically declined to rule on that plea.
The court in Labarre stated, "The laches doctrine addresses itself exclusively to the evidentiary effect of delay." (Emphasis supplied.) The defendants failed to establish their plea of laches, since they failed to show anything other than the occurrence of a lapse of time. The plaintiff also failed to introduce any evidence to rebut the plea of laches. Due to the total lack of evidence on issues other than delay, we reverse the ruling of the trial court and remand this case for an evidentiary hearing, either on the question of laches per se, or on the merits of the entire case.
We note that Labarre seems to indicate that a trial on the merits is required to sustain a plea of laches. And further we note that the case relied on by the trial court and the defendants was a trial on the merits. Lambert v. Succession of DeHass, *455 271 So.2d 910 (La.App. 1st Cir. 1972). We hesitate to impose that requirement, however, the facts as alleged in the petition seem to indicate that a trial on the merits may be needed to resolve the laches issue.
For the above reasons the judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings. All costs to await final disposition.
Reversed and remanded.