DOMENGEAUX, Judge.
The sole issue presented on this appeal is whether the City of Sulphur Municipal Police and Fire Civil Service Board should grant Gwen Gaudet a hearing to determine *64 whether the Sulphur City Police acted reasonably in terminating her employment.
On May 25,1983, Gwen Gaudet was fired from her job as a radio dispatcher with the Sulphur City Police because she allegedly failed to tell the truth during a departmental investigation. On June 1, 1983, Gau-det’s attorney contacted the chairman of the Civil Service Board and demanded a hearing on the subject of Gaudet’s termination. At the hearing held on June 21, 1983, Gaudet’s attorney requested that her hearing be postponed because he represented another employee whose hearing was set on the same date. According to the minutes of the meeting, Gaudet's attorney stated that he would request another hearing at a later date. On July 12, 1984, he requested another hearing in connection with Gaudet’s termination. The Civil Service Board ultimately denied the request for a hearing based upon its finding that too much time had elapsed since her termination.
Gaudet appealed the Civil Service Board’s decision to the Fourteenth Judicial District Court asking to be reinstated to her position with the police department because she initially requested a hearing within the time period mandated by La.R.S. 33:2501.
In its answer, the Civil Service Board averred that it was Gaudet’s attorney who postponed the scheduled hearing and claimed he would request another hearing at a later date. The Civil Service Board asserted that the defense of laches should bar any relief sought by plaintiff since over a year had elapsed between plaintiff’s termination and her request for another hearing.
The district judge, in his reasons for judgment, pointed out that since the Civil Service Board had not held a hearing as to whether plaintiff’s termination was proper, he was without jurisdiction in which to reinstate the plaintiff to her former position. Relying on a literal reading of La. R.S. 33:2501, he determined that the plaintiff was entitled to a hearing. He declined to consider the defense of laches stating that the defense could be raised in an appeal following the termination hearing. The district judge reasoned that:
“I reviewed the cases involving laches, and it appears that there is good foundation for claiming the same, but I think that the whole matter is premature until such time as the Civil Service Board has done what is directed by the Revised Statute 33:2501, and that is to grant to the employee a hearing and investigation. After that ruling then I think is the proper time for either side to appeal for a review of this court. The court recognized that the thirty day period for setting the hearing has long since passed, however the statute is void of a prescriptive period in regard to the time for the hearing.”
The defendant has taken a suspensive appeal from the trial court’s ruling.
La.R.S. 33:2501 provides, in part:
“A. Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.”
The above statute was complied with in that the plaintiff requested a hearing within fifteen (15) days of her termination and the Civil Service Board granted her a hearing within thirty (30) days of her request. As mentioned above, however, the plaintiff’s hearing was not held on the scheduled date because her attorney requested that it be heard at a later date.
In a situation like the present case where a prior postponed hearing is asked to be rescheduled, La.R.S. 33:2501 is silent as to what, if any, time limitations apply. Defendant maintains that we should apply its defense of laches and deny the relief sought by the plaintiff. In Stansbury v. City of Opelousas, 341 So.2d 33 (La. *65 App.3rd Cir.1976), writ refused, 343 So.2d 197 (La.1977), this Court stated:
“It is our jurisprudence that the doctrine of laches is based upon the sound public policy that a claimant should pursue his action for relief with all diligence and speed so that funds normally paid to claimant may not be diverted to an equally valid and lawful public purpose thereby upsetting the orderly fiscal processes of government. See Devillier v. City of Opelousas, 247 So.2d 412 (La.App.3 Cir.1971) and cases cited therein. The jurisprudence is also to the effect that laches is an equitable doctrine the application of which rests in the sound discretion of the trial court. Molero v. Bass, 322 So.2d 452 (La.App.4 Cir.1975).”
In the instant case, the record merely reveals that the plaintiff waited over a year to request another Civil Service Board hearing. The Court in Molero, supra, found that each case involving the applicability of laches rests upon its own particular set of circumstances and a delay of time alone will not suffice to invoke the doctrine of laches.
The case of Labarre v. Rateau, 210 La. 34, 26 So.2d 279 (1946) was cited in the Molero case wherein the Court reported:
“The court in Labarre stated, ‘The laches doctrine addresses itself exclusively to the evidentiary effect of delay.’ (Emphasis supplied.) The defendants failed to establish their plea of laches, since they failed to show anything other than the occurrence of a lapse of time. The plaintiff also failed to introduce any evidence to rebut the plea of laches. Due to the total lack of evidence on issues other than delay, we reverse the ruling of the trial court and remand this case for an evidentiary hearing, either on the question of laches per se, or on the merits of the entire case.”
In the case at bar, the record contains no mention of the circumstances which may have caused the plaintiff to wait as long as she did in requesting a hearing. With that in mind, we agree with the district judge that the plaintiff should be granted a hearing by the Civil Service Board wherein it will be determined whether there are circumstances which explain the lapse of time or support defendant’s plea of laches. If the Civil Service Board decides that the delay in requesting a hearing was justified, then it should consider the merits of plaintiff’s case.
Accordingly, the judgment of the district court is affirmed. All costs to await final disposition.
AFFIRMED.