KUHN, J.
| ^Petitioner-appellant, Oscar C. Dantzler, Jr., appeals a judgment denying his request for a writ of mandamus directed to the Hammond Fire and Police Civil Service Board (the Board) requiring it to hold a hearing after his termination from employment with defendant-appellee, the City of Hammond (the City),[1] in its police de *41 partment. For the following reasons, we affirm.
BACKGROUND
Dantzler was notified in a letter from the mayor that, based on an incident which had occurred on February 2, 1998, he would be terminated effective February 18, 1998, from his position as a Hammond police officer. On February 18, 1998, Dantzler appealed the City’s termination of his employment by filing the “Agenda Item Request” form provided by the Board in which he requested a hearing on the next available date.
Dantzler also filed a lawsuit against the City in federal court based on claims of alleged race discrimination[2] arising out of his former employment with the police department. The United States District Court for the Eastern District of Louisiana issued, on November 8, 2001, an order granting a motion for summary judgment and dismissing with prejudice Dantzler’s claims against the City.[3] The district court’s dismissal of the federal lawsuit was affirmed by the United States Court of Appeals for the Fifth Circuit on November 15, 2002, and on May 19, 2003, the | aSupreme Court denied his petition for writ of certiorari. Dantzler v. City of Hammond, La., 538 U.S. 1042, 123 S.Ct. 2094, 155 L.Ed.2d 1077 (2003).
On October 17, 2003, Dantzler filed the petition for mandamus, which is the subject of this appeal. He averred that, despite his timely appeal of his termination to the Board, he has not received a hearing as required by law and requested a writ of mandamus, directing the Board to schedule a hearing on his appeal. A hearing on Dantzler’s entitlement to a mandamus was held, and the trial court denied the requested relief. This appeal by Dant-zler followed.
DISCUSSION
A writ of mandamus may be directed to public officers to compel the performance of a ministerial duty required by law. La. C.C.P. art. 3863. But a writ of mandamus may only be issued in cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. La. C.C.P. art. 3862. It is an extraordinary remedy that must be used sparingly by the court only to compel action that is clearly provided by law. Allen v. St. Tammany Parish Police Jury, 96-0938, p. 4 (La.App. 1st Cir.2/14/97), 690 So.2d 150, 153, unit denied, 97-0599 (La.4/18/97), 692 So.2d 455. Mandamus is to be used only when there is a clear and specific legal right to be enforced or a duty that ought to be performed. It never issues in doubtful cases. Wiginton v. Tangipahoa Parish Council, 2000-1319, p. 4 (La.App. 1st Cir.6/29/01), 790 So.2d 160, 163, unit denied, 2001-2541 (La.12/07/01), 803 So.2d 971.
Applying the doctrines of laches and res judicata, the trial court concluded that Dantzler’s petition for a writ of mandamus was barred. Dantzler contends that under La. R.S. 33:2501 A, the Board was mandated to grant him a hearing and | investigation within thirty days after receipt of his written request. And because he has not had a hearing, Dantzler main *42 tains that the trial court’s denial of a writ of mandamus was erroneous.
Louisiana Revised Statute 83:2501 provides in pertinent part:
A. Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.
B. ... (3) The board shall have complete charge of any such hearing and investigation, and may conduct it in any manner it deems advisable, without prejudice to any person or party thereto. The procedure followed shall be informal and not necessarily bound by the legalistic rules of evidence.
Because Dantzler originally requested a hearing on February 18, 1998, which was the effective date of his termination, under La. R.S. 33:2501 A this request was timely. The Board did not, however, grant Dant-zler a hearing or conduct an investigation within thirty days after receipt of the timely request as statutorily required.
Nearly a year later, in a letter dated February 8, 1999, Dantzler again requested a hearing. The Board complied with the February 8, 1999 request and scheduled a hearing for March 18, 1999. But in a letter to the Board dated March 18,1999, an attorney for Dantzler advised of his “very recently secured” representation and that he was unable to attend the scheduled hearing. The letter requested that “the hearing be continued and rescheduled to a later date.”
Under La. R.S. 33:2501 B(3), the Board is delegated complete charge of and may utilize an informal procedure at the timely-requested hearing. And while under | RLa. R.S. 33:2501 A, the employee is permitted within 15 days of any corrective or disciplinary action to request a hearing, nothing in the statute addresses the procedure required to reschedule a Board hearing that has been continued by the employee with the apparent consent of the Board.[4] And while the Board may under La. R.S. 33:2478[5] adopt and execute rules, regulations, and orders necessary or desirable to effectively carry out the provisions of La. R.S. 33:2501, we have found nothing in the Board’s rules that addresses the situation before us. In this case, we have not found, and the parties have not provided, a time limitation prescribed by positive written *43 law applicable to a request for a hearing after the continuance of a previously scheduled hearing.
Moreover, there is no time limitation in La. C.C.P. arts. 3861 through 3866 in which an action for mandamus may be brought. And Louisiana Civil Code articles 3445 through 3492, addressing libera-tive prescription, do not provide any time limitation for instituting mandamus proceedings. Since there are no specific statutes | fiproviding a time limitation in which to bring a mandamus action, the courts have generally resorted to the doctrine of laches to prevent the pursuit of a tardy action for mandamus. Benoit v. Devillier, 94-514, p. 5 (La.App. 3d Cir.11/2/94), 649 So.2d 523, 526, writ denied, 94-2928 (La.1/27/95), 650 So.2d 243 (citing State ex rel Lemoine v. Municipal Democratic Executive Committee of the Town of Mansura, 234 La. 969, 102 So.2d 234 (1958); State ex rel Boudreaux v. Alford, 205 La. 46, 16 So.2d 901 (1944)).
In the recent case of Fishbein v. State of Louisiana Through Louisiana State Univ. Health Sciences Ctr., 2004-2482 (La.4/12/05), 898 So.2d 1260, the supreme court stated that because the doctrine of laches is in conflict with this state’s civil laws of prescription, the statements in some civil opinions that suggest the doctrine of laches may be applicable under certain circumstances are hereby repudiated. However, neither Dantzler’s appeal of his termination in its present procedural posture nor the mandamus action prescribe special time limitations by positive written law, we believe that — despite the improper reference to the doctrine of lach-es — the trial court correctly relied on equity to resolve the issues presented by the petition for mandamus. See Benoit, 94-514 at p. 6, 649 So.2d at 527.
According to La. C.C. art. 4:
When no rule for a particular situation can be derived from legislation or custom, the court is bound to proceed according to equity. To decide equitably, resort is made to justice, reason, and prevailing usages.
^Article 4 establishes that it is only in instances where legislation or custom are silent that the trial court may permissibly resort to equity as the basis for its decision. Benoit, 94-514 at p. 6, 649 So.2d at 527.
The record establishes that while Dant-zler’s February 18, 1998 request for an appeal of his termination was timely under La. R.S. 33:2501 A, in October 2003 when he filed the petition seeking a writ of mandamus, more than four and a half years had lapsed since his request for a continuance of the March 18, 1999 hearing. During that time, Dantzler actively pursued his discrimination claims in federal litigation. The order and reasons issued by the United States District Court for the Eastern District of Louisiana clearly noted the existence of Dantzler’s disciplinary claim, stating in relevant part:
Dantzler was found sleeping on duty in his squad car December 1, 1997 and January 15, 1998. ... Sleeping while on duty is a Class II disciplinary violation, according to the Policy Manual. The punishment for two such violations is suspension without pay, and Dantzler was suspended without pay as a result of these two incidents....
Dantzler refused to accept delivery of a written notice of his suspension on or about February 2, 1998. Refusal to accept notice constituted insubordination and refusal to obey a direct order of a superior officer, which are both Class III offenses under the Policy Manual. Insubordination also violates the Fire and Police Civil Service Law and subjects the employee to removal. [La. *44 R.S. 33:2500A(4).] The City terminated plaintiffs employment, effective on February 18, 1998, based upon his insubordination and failure to obey a direct order.
Despite the references to his disciplinary action in the federal district court’s November 8, 2001 order, it was not until nearly two years later that Dantzler filed the petition for a writ of mandamus. And in a deposition conducted by the City in the federal litigation on July 19, 2000, the following colloquy occurred:
_[£By attorney for the City :]
Q. ... Are you.still processing the Civil Service hearing? Are you still trying to get that, or have you given up— [By Dantzler:]
A. —no sir. It’s over with. I ain’t worried about, (sic) I’ll deal with it ; in a different route.
Mindful of the City’s reliance on his deposition testimony stating he was no longer processing the disciplinary action and that at the time Dantzler filed his petition for a writ of mandamus more than five and a half years had elapsed since his initial appeal of his termination — obviously making the evidence of the propriety of the disciplinary action stale — we find no error in the trial court’s conclusion, denying Dantzler the mandamus relief requested in his October 2003 petition. ■
Relying on Gaudet v. City of Sulphur Municipal Police and Fire Civil Service Bd., 497 So.2d 63 (La.App. 3d Cir.1986), Dantzler urges that the writ of mandamus issue, directing the Board to hold a hearing at which evidence explaining the lapse of time could be adduced by the Board. If, at the hearing, it were to determine the delay was justified, Dantzler suggests, the Board could then consider the merits of the disciplinary action.
In Gaudet, the terminated employee requested rescheduling of her hearing about one year after the City of Sulphur Municipal Police and Fire Civil Service Board (the Civil Service Board) had postponed the hearing of her timely-appealed termination based on her attorney’s representation of another employee whose hearing was on the same date. The Civil Service Board denied her request to reschedule the hearing, concluding that too much time had elapsed since her termination. Gaudet, 497 So.2d at 64. The trial court reversed, and the Gaudet |9court affirmed, reasoning that the record merely revealed that the employee waited over a year to request another hearing. Gaudet, 497 So.2d at 64-65. The employee was given an opportunity to present evidence to the Civil Service Board explaining the lapse of time between the postponed hearing and her request to reschedule.
In stark contrast to Gaudet, the record before us shows that Dantzler waited over four years to seek a rescheduling of his hearing and then chose to do so by filing a petition for a writ of mandamus in the trial court.[6] Dantzler also pursued relief against his former employer in federal court based on allegations of discrimination arising out of the same facts that are the subject matter of his disciplinary action. And in a deposition taken in connection with the federal litigation, Dantzler testified of his intent to no longer process the disciplinary action in response to questions elicited by the City. Given the vast factual distinctions, Gaudet is inapposite, and we decline to reverse the trial court’s denial of Dantzler’s request for a writ of mandamus on this basis.[7]
*45 DECREE
The trial court’s judgment denying the request for issuance of a writ of mandamus is affirmed. Appeal costs are assessed against Oscar C. Dantzler, Jr.
AFFIRMED.

. Although Dantzler named the City of Hammond Police Department as his former em *41 ployer, this defendant identifies itself as the City of Hammond.

. See Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1983.

. Also dismissed from the federal lawsuit were the Hammond Police Department and Police Chief Roddy Devall, who was not made a party in this mandamus proceeding.

. According to La. R.S. 33:2501 B(l), "If either the appointing authority or the employee fails to appear at the place, and on the day and at the hour fixed for the hearing, the board may decide the issue involved on the basis of the evidence adduced ....” But the record contains no evidence showing that, despite Dantzler’s request for a continuance and failure to appear at the March 18, 1999 hearing, the Board decided the issue of whether the City's termination was made in good faith for cause, and on appeal the Board does not maintain that the continuance was denied.

. Louisiana Revised Statute 33:2478 provides in pertinent part:
Each board may adopt and execute rules, regulations, and orders necessary or desirable effectively to carry out the provisions of this Part, and shall do so when expressly required by this Part. No rule, regulation, or order shall be contrary to, or in violation of, any provision, purpose, or intent of this Part or contrary to any other provision of law. The board may amend or repeal any rule or part thereof in the same manner provided herein for the adoption of the rule....
Rules adopted under the authority of this section shall have the force and effect of law.

. The record is devoid of any evidence showing that Dantzler has requested of the Board that the March 18, 1999 hearing be rescheduled.

. Because the trial court correctly denied Dantzler’s request for mandamus relief based *45 on’an application of equity under La. C.C. art. 4, we find it unnecessary to address whether res judicata would also bar issuance of the writ.